# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-83-HAB |
| | ) | |
| BRADLEY M. COX | ) | |

## OPINION AND ORDER

Defendant is charged in a six count Superseding Indictment alleging, generally, that he attempted to extort multiple individuals over social media by threatening to release sexually explicit photos that he had fraudulently obtained. Rather than retain his own counsel, Defendant requested the appointment of CJA counsel on his behalf. As the case progressed, Defendant became dissatisfied with the legal issues raised by appointed counsel in the context of his currently-pending Motion to Suppress Based on Violation of *Miranda* (ECF No. 47). Defendant expressed his dissatisfaction through multiple pro se filings (ECF Nos. 64, 70, 72, 74, 80). Each was stricken by the magistrate. (*See* ECF Nos. 68, 71, 77, 81). The rift between Defendant and appointed counsel was resolved on October 28, 2019, when the magistrate granted appointed counsel's Motion for Leave to Withdraw Appearance and for Defendant to Proceed Pro Se (ECF No. 76), and Defendant was given leave to proceed pro se.

Now before the Court is Defendant's pro se Motion for Court to Consider Pro Se Filing (ECF No. 83), filed on October 31, 2019 (the "Motion"). That motion asks the Court to reconsider the magistrate's September 12, 2019, Order (ECF No. 68) (the "Order") striking his September 6, 2019, letter (ECF No. 64) presenting additional argument related to his Motion to Suppress.

The overarching theme of the Motion is Defendant's mistaken belief that this Court and others apply *United States v. Gwiazdzinski*, 141 F.3d 784 (7th Cir. 1998) "in a way that leaves no

room for exception." (ECF No. 83 at 3). Specifically, Defendant claims that the magistrate's order operates to "exclude without exception all pro se documents filed while represented by counsel." (*Id*. at 1). Simply put, Defendant is wrong.

The apparently contentious passage in the magistrate's Order is her statement that, "[a] defendant, however, does not have the right to file his own motions when he is represented by counsel." (ECF No. 68 at 1). This blackletter statement of law is supported both by *Gwiazdzinski* and Defendant's preferred authority, *Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir. 1990). Nothing in this statement establishes, or even suggests, that there is an absolute prohibition against pro se filings while a defendant is represented by counsel. Instead, it means only that a court is not compelled to permit the kind of hybrid representation that Defendant sought in this case. Stated another way, the magistrate could have accepted Defendant's filings, but she was not required to do so.

Given that courts already have discretion to permit hybrid representation, there is no need to delve into the merits of Defendant's proposed tripartite test for evaluating pro se filings. (*See* ECF No. 83 at 5). The magistrate properly exercised her discretion in issuing the Order, and this Court finds no reason to disturb her ruling. Accordingly, Defendant's September 6, 2019, letter will remain stricken.

The foregoing notwithstanding, Defendant's request that this Court consider the September 6, 2019, letter in reviewing the magistrate's Report and Recommendation runs afoul of Federal Rule of Criminal Procedure 59(b)(2) and 28 U.S.C. § 636(b)(1). "Without specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a *de novo* determination does not arise. The general statements that a party 'objects' and 'incorporates all arguments previously made to the magistrate' will not suffice."

*United States v. O'Neill*, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998), quoting *United States v. Molinaro*, 683 F. Supp. 205, 211 (E.D. Wis. 1988). Defendant's letter, filed prior to the issuance of the magistrate's Report and Recommendation, necessarily fails to include "specific reference to portions of the magistrate's decision and legal discussion on the objected portion." Rather, Defendant's invitation for the Court to consider the letter is little more than an attempt to incorporate "arguments previously made to the magistrate," an invitation the Court rejects.

For the foregoing reasons, Defendant's Motion for Court to Consider Pro Se Filing (ECF No. 83) is DENIED.

SO ORDERED on November 14, 2019.

                                          s/ Holly A. Brady
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT