UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cr-00083-HAB-SLC |
| | ) | |
| | ) | |
| BRADLEY M. COX | ) | |

## OPINION AND ORDER

Before the Court is Defendant's Motion for Pretrial Release (ECF 84) filed on October 31, 2019. The Government responded to the motion on November 5, 2019. (ECF 85). Defendant filed a reply on November 13, 2018. (ECF 87). As such, Defendant's motion is ripe for ruling. For the following reasons Defendant's motion is DENIED.

*A. Background*

On September 7, 2018, Defendant was charged by way of a Criminal Complaint with violating 18 U.S.C. § 2251(a) (ECF 1) and a warrant was issued for his arrest (ECF 2). Defendant was subsequently arrested and appeared that same day before Magistrate Judge Paul Cherry where he was provided a copy of the Criminal Complaint against him. (ECF 6). At the hearing, the Government moved to detain him pending trial pursuant to 18 U.S.C. § 3142(e). (ECF 5, 6). Defendant, however, requested and was appointed an attorney. (ECF 6, 7). As such, Defendant's detention hearing was scheduled for September 11, 2018, to allow for Defendant to meet with his appointed counsel, David Joley. (ECF 9, 10). Upon Defendant's motion, the hearing was subsequently continued to September 12, 2018. (ECF 8, 11).

A combined detention and probable cause hearing was held on September 12, 2018, before Judge Cherry. (ECF 15). The Court has reviewed the audio recording in reaching its

decision here.  In the probable cause portion of the hearing, Judge Cherry found that probable cause existed that Defendant committed an offense involving a minor under 18 U.S.C. § 2251.  As such, during the detention hearing there was a rebuttable presumption that no condition or combination of conditions could reasonably assure Defendant's appearance and the safety of the community per 18 U.S.C. § 3142(e)(3).

At the hearing, by way of proffer, the Government offered evidence that Defendant's girlfriend had instituted state legal proceedings to limit his access to their minor children and evidence of Defendant's state criminal history.  The Government also proffered that the scheme giving rise to the present case involved multiple victims across multiple jurisdictions, and that Defendant had told FBI agents that he had felt threatened.  Regarding Defendant's criminal history, the Government emphasized that Defendant had been charged with sexual battery in the past, though he was only convicted of a lesser included battery charge, and had a juvenile case involving exploitation of a minor and possession of child pornography.  In response, by way of proffer, Defendant's attorney asserted that Defendant intended to live away from his minor children in a house owned by his parents; that Defendant did not attempt to flee despite being aware of the potential for criminal charges; and his mostly successful completion of his state probation and prior release on bond.

In argument, Attorney Joley also maintained that certain conditions, such as restrictions to internet access, would assure the protection of the community.  The Government in argument pointed out that Defendant had prior state court probation and supervision violations and was on state probation and electronic monitoring during the alleged conduct at issue in this case.  The Government also noted that the twenty-five year minimum sentence in the present case provided Defendant with ample motive to flee.  Finally, the Government argued that Defendant continued

to pose a risk to minors, and that, given the ease of internet access, no set of conditions would have been able to ensure that the Defendant did not have access to the internet.

Judge Cherry subsequently found on the record, and in a written order, that Defendant did not rebut the presumption against detention. (ECF 15, 16). Alternatively, Judge Cherry found by a preponderance of the evidence that there was a serious risk that Defendant would not appear in court, and by a clear and convincing evidence that there was a serious risk Defendant would endanger the safety of another person or the community. (ECF 16 at 2). In support of his finding that there was a serious risk Defendant would not appear, Judge Cherry cited (1) the nature and circumstances of the offense charged, and (2) the weight of the evidence against Defendant. (*Id.*). In support of his finding as to the risk to others and the community, Judge Cherry cited (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against Defendant, (3) Defendant's criminal history—including his juvenile case involving child exploitation and possession of child pornography and his adult sexual battery charge, (4) his prior state court probation and supervision violations—including the violation triggered by the above mentioned battery charge as well as the subsequent violation triggered by the present case, and (5) the fact that the Criminal Complaint alleges Defendant's scheme involved multiple victims of similar acts in various jurisdictions. (*Id.* at 2-3).

Defendant subsequently filed a motion to suppress evidence in this matter (ECF 47), and an evidentiary hearing was held on May 17, 2019 (ECF 59). On October 16, 2019, Defendant attempted to file *pro se* the present motion, which the Court struck from the record because Defendant was still represented by counsel. (ECF 74, 77). On October 23, 2019, however, Attorney Joley moved to withdraw his representation of Defendant, claiming an irreparable breakdown of the attorney-client relationship. (ECF 76). The Court subsequently granted the

3

motion to withdraw, allowing Defendant to proceed *pro se* with Attorney Joley as standby counsel. (ECF 82). Defendant subsequently refiled the present motion. (ECF 84).

## B. *Applicable Legal Standard*

As an initial matter, the Court notes that Defendant in his reply claims that he is not asking that the Court reopen his detention hearing pursuant to 18 U.S.C. § 3142(f). (ECF 87 at 1). Rather, Defendant requests that his motion "be granted or denied based on the merits, with the evidence not existing at the time of the initial hearing being the primary focus." (*Id.*). In support of the contention that he can move for pretrial release without reopening the detention hearing, he cites to the text of 18 U.S.C. § 3142(i)—which concerns temporary pretrial release— and that of § 3142(a)—which requires an order regarding detention be issued "[u]pon appearance before a judicial officer"—as statutory examples of how the Court may grant release without a hearing. (*Id.* at 2). As such, Defendant requests that he be granted pretrial release "independent of a 3142(f) detention hearing." (*Id.*).

Defendant's reading of § 3142, however, is inconsistent with the statutory framework regarding pretrial detention. As stated in Federal Rule of Criminal Procedure 46(a), pretrial release of a defendant is governed by 18 U.S.C. § 3142. While the text of § 3142 does not provide for multiple detention hearings, subsection (f) notes that:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

If a Defendant wishes to seek review of a detention order issued by a magistrate judge, instead of just offering new evidence, he "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). If the Court

4

having original jurisdiction—the District Court—finds against him, a defendant can then appeal to the Circuit Court of Appeals. 18 U.S.C. § 3145(c) ("An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of [28 U.S.C. § 1291] and [18 U.S.C. § 3731].").

Defendant's argument stemming from the language of § 3142 is unpersuasive. While § 3142(a) refers to a defendant's "appearance," this obviously refers to when the Court must make an order regarding detention. This point is bolstered by the further restriction on when the Government can move for detention, as was the case here (ECF 5), or when a court can raise the issue *sua sponte*. *See* § 3142(f) ("The judicial officer shall hold a hearing . . . . The hearing shall be held immediately upon the person's *first appearance before the judicial officer* . . . ." (emphasis added)). In other words, the section's reference to an "appearance" merely means that the judge must make an order regarding the release or detention of the defendant when the defendant initially "appears" or is physically present in the charging court, unless a party seeks a continuance.[1] *See United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986) (holding that the government was not required to move for detention in the district where the defendants were arrested before they were transferred to the charging district). In addition, § 3142(i), by its text, only applies to temporary release from pre-trial detention after a detention order has already been entered and is therefore inapplicable here.

The Court then must determine whether Defendant's motion should be considered a motion to reopen the detention hearing pursuant to § 3142(f), even though he explicitly claims

---

[1] While the statute generally requires that a detention hearing be held on an initial appearance absent a motion to continue, a defendant also has the right to request and be appointed counsel for such a hearing. 18 U.S.C. § 3142(f). Because Defendant requested counsel (ECF 6), "it was impossible to legally hold the hearing at that time consistent with the Act's provision that the accused is entitled to counsel at the hearing." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).

that he does not intend it to be, or a motion to revoke the initial detention order pursuant to § 3145(b). *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal, . . . to avoid inappropriately stringent application of formal labeling requirements, . . . *or to create a better correspondence between the substance of a* pro se *motion's claim and its underlying legal basis*. . . ." (emphasis added) (citations omitted)). As already noted, a detention hearing can be reopened upon the presentation of new evidence that was not known by the movant at the initial detention hearing and is material to the issue of detention. In contrast "Section 3145(b) does not require that new evidence or information be available before a detention order can be reconsidered and revoked" and can be raised at any time. *United States v. Parahams*, No. 3:13-CR-005 JD, 2013 WL 683494, at *1 (N.D. Ind. Feb. 25, 2013). Rather than just considering new evidence, a district judge reviewing a detention order under § 3145 reviews the issue *de novo*. *See id.* (collecting cases).

Here, Defendant premised his motion on "new evidence that did not exist at the time of the initial detention hearing which rebuts the presumption that he is a flight risk or a danger to society." (ECF 84 at 1). However, Defendant at times also suggests that Judge Cherry improperly weighed the evidence proffered at the initial detention hearing. (*See* ECF 87 at 3 ("[E]ither I failed to produce evidence as I contended in my motion or the Court failed to correctly weigh the produced evidence according to the rulings of the 7th [sic] Circuit Court of Appeals")). Such arguments, though, were only clearly raised in Defendant's reply, and as such, should generally not be considered. *See United States v. Thomas*, 227 F. Supp. 3d 981, 987 (N.D. Ill. 2016) ("[*Pro se* Defendant's] failure to divulge any of this information until filing his

reply brief has left the government without a meaningful opportunity to respond to him. Arguments made or developed in this belated fashion are forfeited."); *United States v. Furr*, No. 07-CR-57, 2015 WL 1034056, at *3 (E.D. Wis. Mar. 10, 2015) ("And arguments made for the first time in reply are also deemed waived."); *Zambrana v. United States*, 790 F. Supp. 838, 843 (N.D. Ind. 1992) ("Reply briefs are an improper vehicle for presenting new arguments, and should be confined to the issues raised in the opening motion or brief."). Further, the thrust of Defendant's argument as raised in both his motion and his reply, is that there is new evidence, which, if presented to the Court, would establish that pretrial detention is not appropriate. As such, given the Court's duty to construe *pro se* motions liberally[2] and the fact that Defendant's brief does not otherwise identify an appropriate basis for relief, the Court will analyze Defendant's motion as a motion to reopen the detention hearing pursuant to § 3142(f). **If Defendant intended his motion to be a motion to revoke or amend the detention order pursuant to § 3145(b), he is advised to file a new motion specifically citing the grounds by which he is challenging the initial detention order.**

C. Analysis

*1.Defendant's Arguments*

In his motion, Defendant raises arguments as to both Judge Cherry's finding that he constituted a danger to the community and that he was a flight risk. Regarding the danger to the community finding, Defendant chiefly argues that the suppression hearing provided new testimonial evidence which did not exist at the time of his initial detention hearing which weighs

---

[2] *See Wilson v. Phend*, 417 F.2d 1197, 1199 (7th Cir. 1969) ("[L]iberal construction is to be accorded material drawn *pro se* . . . .").

in favor of his pretrial release.³  In summary, he suggests that because the FBI agents he spoke to did not arrest him sooner even after they had evidence of his alleged conduct, he was not a danger to the community.  (ECF 84 at 3-4).  In other words, because law enforcement supposedly saw no need to immediately detain him, the Court should not either.  (*Id.*).  Similarly, Defendant suggests that because the activity charged in the original Criminal Complaint and the Superseding Indictment ended five months before his eventual arrest, he was not a danger to the community at the time of his arrest.  (*Id.* at 5).  Finally, Defendant notes that if released, he would reside at a home owned by his parents, by himself, away from neighbors.  (*Id.* at 10).

Regarding the finding that he constituted a flight risk, Defendant points to the fact that during the time between his initial contact with law enforcement and his arrest he could have fled but did not.  (*Id.* at 5).  Defendant also notes that he has been mostly successful in completing past state court impositions of probation or supervised release, and regularly attended his court dates when required to do so.  (*Id.* at 9).  He also suggests that his past criminal history on court supervision or probation is evidence that there are conditions which could be implemented to assure his appearance and the safety of others.  (*Id.* at 10; ECF 87 at 5).  At various points, Defendant argues that detention has negatively impacted his ability to prepare for trial.  Specifically, he notes that it limits his ability to conduct legal research and view discovery materials.  (ECF 84 at 11).  In both his motion and his reply, Defendant also notes the hardship detention has caused his family.  (*Id.* at 10; ECF 87 at 7).

---

³ Defendant, in his reply, claims that this is the only evidence he intended to characterize as "new."  (ECF 87 at 5).  Defendant however, in the introduction of his motion, states that his motion is based on evidence that "did not exist" and facts that "were either misrepresented or not discussed."  (ECF 84 at 1).  In the interest of completeness, the Court will discuss each of the factual arguments made by Defendant regarding § 3142(f), noting again that Defendant is free to challenge the weighing of this evidence through a motion pursuant to § 3145(b).

Finally, the Court notes that Defendant takes issue with the fact that the Government did not "directly distput[e] [his] claims or provid[e] evidence disproving them." (ECF 87 at 6). He further appears to claim that based on his motion, evidence now exists successfully rebutting the presumption in favor of detention. (*Id.* at 8). In so doing, he relies on the Seventh Circuit Court of Appeals holding in *Dominguez* that the presumptions in favor of detention "are rebutted when the defendant meets a burden of production" by coming forward with some evidence that he will not flee or endanger the community if released." (*Id.* at 3 (citing *Dominguez*, 783 F.2 at 707)). As such, the Government should be required to put forth new evidence to sustain its burden of showing why detention is necessary. (*Id.*).

*2. Discussion*

The information detailed by Defendant, though, does not necessitate reopening the issue of detention. To begin, the chief piece of evidence that Defendant now claims exists—the testimony evidence from the suppression hearing—is not "new" for purposes of § 3142(f). As already noted, the standard is whether "information exists that was not known to the movant at the time of the hearing and that has a material bearing" on the issues of assuring appearance and community safety. 18 U.S.C. § 3142(f). While the suppression hearing had obviously not occurred at the time of the initial detention hearing, it can hardly be said that the information Defendant points to now did not exist or was unknown. Defendant obviously would have known then as he does now that he had spoken with FBI agents on one day and was not arrested until a later one. Further, while there may now be a physical record to point to, this does not mean that Defendant was unable to proffer and argue this fact at the initial hearing. In fact, as discussed further below, at the initial hearing Defendant's then attorney proffered and argued multiple facts

in his favor.  As such, the mere fact that the information Defendant relies on is now contained in a transcript is immaterial for purposes of § 3142(f).

In the same vein, Defendant's arguments that the alleged charged conduct occurred five months prior to his eventual arrest and that detention is a burden to his familial relationships are similarly meritless.  Again, Defendant at his initial appearance was provided a copy of the Criminal Complaint in this case and as such should have been aware of the timeframe of the charged conduct.  Thus, the information argued now is hardly new or unknown.  Similarly, Defendant obviously was aware that detention could impact his relationship with his family at the initial hearing.  Still more, Judge Cherry was presented with evidence of Defendant's family at the initial hearing, both from the Government and Defendant.

Similarly, it was obviously known that detention would potentially impede Defendant's ability to prepare for trial.  Arguably, there is additional information as to these difficulties that did not exist at the time of the initial hearing as Defendant is now proceeding *pro se*.  However, it is hard to see how this information has a "material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

Regarding the other arguments Defendant now raises, much of the other information he points to was already proffered and argued by his former counsel at his initial hearing.  As noted, Attorney Joley proffered that Defendant, if released, would be living at a home owned by his parents and not with his minor children.  Further, Attorney Joley proffered and argued Defendant's prior history on state court supervision and probation.  As such, none of the evidence identified in Defendant's motion or reply is of the type which would justify reopening the detention hearing here.

Finally, the Court notes that, despite Defendant's contention that the Government did not present "new evidence," the Government did not need to present any evidence at this juncture. Contrary to Defendant's claims that his motion rebuts the presumption of detention in this case, a finding of whether a presumption has been rebutted is reserved to the magistrate or district judge; simply arguing that the presumption has been rebutted does not make it so. Here Judge Cherry held that a presumption in favor of detention applied, and despite the evidence proffered, Defendant did not rebut it.[4] As already mentioned, the Court can make a new finding by reopening the detention hearing if there is new information to be presented, or the District Judge can amend or revoke the detention order if Judge Cherry misapplied the law. Here, as mentioned, the Court has not found that there is new information that would necessitate reopening the detention hearing. As such, there is no need to revisit whether the presumption has been rebutted or, for that matter, whether the Government has otherwise sustained its burden of persuasion. Again, if Defendant is meaning to challenge Judge Cherry's application of the law, a motion to amend or revoke is the proper mechanism for doing so.

*D. Conclusion*

In conclusion, Defendant's motion does not clearly state on what grounds he is seeking relief. To the extent he is asking the Court to revisit the issue of detention on grounds besides those laid out in 18 U.S.C. §§ 3142(f) and 3145(b), he is asking for relief this Court cannot grant. To the extent he is arguing that the detention hearing ought to be reopened pursuant § 3142(f), he has not shown that any of the information considered in his motion is new or was unknown at the time of his initial hearing or would be material to the issue of detention. Rather, many of the

---

[4] Even if Defendant did rebut the presumption, this does not foreclose the possibility that the Government sustained its burden of persuasion anyway. In fact, as already noted, Judge Cherry found in the alternative that it had. (ECF 16).

grounds he raises in his arguments now were raised by his former attorney at the initial detention hearing.  Finally, to the extent that Defendant is attempting to argue that Judge Cherry improperly applied the law in ordering his detention, he does not appropriately raise the issue.  If Defendant intends to raise such a challenge, he is advised to file a new motion clearly identifying § 3145(b) as the basis for the motion and the grounds for his challenge.  As it stands now, though, Defendant's Motion for Pretrial Release (ECF 84) is DENIED.

SO ORDERED.

Entered this 26th day of November 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge