# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-83-HAB |
| | ) | |
| BRADLEY M. COX | ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant's pro se Motion for Revocation of Detention (ECF No. 102) (the "Motion"), filed on January 23, 2020. Defendant's Motion continues to advance an unsupported and tortured interpretation of 18 U.S.C. § 3142 that, much like his proposed sweeping change to the law governing police interrogations, would benefit him while injuring the greater body of federal criminal law. This Court is not inclined to make sweeping changes for Defendant's benefit alone and will deny the Motion.

**A.  Procedural Background**

Defendant's Motion is a complicated web of interconnected and incorporated filings, so it is necessary that the Court address the history of his requests to reverse his pre-trial detention. On October 31, 2019, Defendant filed his pro se Motion for Pretrial Release (ECF No. 84).[1] In the Motion for Pretrial Release, Defendant requested that the Court grant him pretrial release "based on new evidence that did not exist at the time of the initial detention hearing which rebuts the presumption that he is a flight risk or a danger to society." (*Id.* at 1). Defendant did not want a hearing on the motion since "all facts and evidence are either already on the record or will be provided forthwith." (*Id.*). In summary, Defendant argued that because he had ended his criminal conduct before he was questioned by police, and because he did not flee following that questioning,

---

[1] This was the second time Defendant filed the Motion for Pretrial Release, having initially filed it pro se while still represented by counsel. (ECF No. 74). This initial filing was stricken by the Court. (ECF No. 77).

he qualified for pretrial release under 18 U.S.C. § 3142(a)(2). Defendant also argued that, despite having violated the terms of probation on an earlier state court case, he would not violate any terms of supervised release the Court would impose.

The Government filed its Objection to Defendant's Motion for Pretrial Release (ECF No. 85) on November 5, 2019. Relevant to this Opinion and Order, the Government argued that Defendant's detention hearing could not be reopened under 18 U.S.C. § 3142(f)(2) because Defendant had failed to identify any information that "was not known to the movant at the time of the hearing." (ECF No. 85 at 4; quoting 18 U.S.C. § 3142(f)(2) and citing *United States v. Watson*, 475 Fed. Appx. 598, 600 (6th Cir. 2012); *United States v. Esposito*, 354 F. Supp. 3d 354, 358–59 (S.D.N.Y. 2019)). Instead, the Government argued that Defendant sought to "relitigate the issue of detention by presenting arguments based upon facts known to him at the time of his detention hearing." (ECF No. 85 at 5).

Defendant filed his pro se Response to Government's Objection (ECF No. 87) on November 13, 2019. Presenting his current argument for the first time, Defendant stated that he was not moving to reopen his detention hearing under § 3142(f)(2). Instead, he argued that his Motion for Pretrial Release was an "appearance" for the purposes of § 3142(a) and, therefore, the Court could make a detention determination without requiring a showing under § 3142(f)(2) of new information. Notably, Defendant cited to no case law or other authority in support of his interpretation of the statute.

Magistrate Judge Susan Collins issued her Opinion and Order denying the Motion for Pretrial Release (ECF No. 94) on November 26, 2019. Magistrate Collins found Defendant's "appearance" argument unpersuasive, stating:

> While § 3142(a) refers to a defendant's "appearance," this obviously refers to when
> the Court must make an order regarding detention. This point is bolstered by the

> further restriction on when the Government can move for detention, as was the case here, or when a court can raise the issue *sua sponte*. In other words, the section's reference to an "appearance" merely means that the judge must make an order regarding the release or detention of the defendant when the defendant initially "appears" or is physically present in the charging court, unless a party seeks a continuance.

(*Id*. at 5) (citations omitted). Magistrate Collins then proceeded to analyze the Motion for Pretrial Release under § 3142(f), ultimately concluding that Defendant had "not shown that any of the information considered in his motion is new or was unknown at the time of his initial hearing or would be material to the issue of detention." (ECF No. 94 at 11). Defendant was advised to file a motion pursuant to 18 U.S.C. § 3145(b) if he believed that the law was improperly applied at his original detention hearing. (ECF No. 94 at 12).

Rather than heed Magistrate Collins' advice, Defendant filed a pro se Motion to Reconsider (ECF No. 98) on December 9, 2019. While the Motion to Reconsider runs for some sixteen pages, the argument can be boiled down to a single assertion: "[t]he ordinary legal meaning of 'appearance' includes a motion to the court." (ECF No. 98 at 5). After making this assertion (without any support), Defendant argues that a plain reading of § 3142(a) "allows for a 'person charged with an offense' to make an 'appearance before a judicial officer,' not limited to a one-time appearance or a detention hearing, for the reconsideration of pretrial release." (ECF No. 98 at 11). Defendant cites to no case law in support of his interpretation, instead repeatedly pointing the Court to general statutory construction cases. Magistrate Collins issued a one-page Order (ECF No. 101) on December 16, 2019, denying the Motion to Reconsider on the bases set forth in her November 26, 2019, Opinion and Order (ECF No. 94).

Defendant is now back before the Court on the Motion. Defendant describes the Motion as one filed under § 3145(b) to review the Magistrate's November 26, 2019, Opinion and Order,

which Defendant states was a "de facto detention order[2] which opens it up for review and appeal." (ECF No. 102 at 1). Incorporating his Motion to Reconsider in its entirety, Defendant again argues that "a plain reading of 18 USC 3142 [sic] actually does allow the Court to grant pretrial release without reopening the detention hearing." (ECF No. 102 at 2).

**B.      Legal Discussion**

Although nominally an appeal of his detention under 18 U.S.C. § 3145(b), Defendant asserts that the Motion presents only one question to the Court: whether the Court agrees with his interpretation of § 3142. It does not.

The Court agrees with Defendant that the plain language of the statute must control. A court may not ignore the unambiguous language of the statute in order to further Congress' expressed purpose in enacting the statute. *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 270 (2010) ("It is our function to give the statute the effect its language suggests, however modest that may be; not to extend it to admirable purposes it might be used to achieve."); *see also Carr v. United States*, 560 U.S. 438, 456 (2010) (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 261 (1993)). The problem for Defendant is that nothing in the plain reading of 18 U.S.C. § 3142, or any other part of the Bail Reform Act, supports his interpretation of those statutes.

The procedure for evaluating pre-trial detention is unambiguous. A detention hearing can be held under one of two conditions: (1) upon motion from the Government in a case that involves an offense included in § 3142(f)(1); or (2) on a motion from the Government or the Court if the defendant presents a risk identified in § 3142(f)(2). If there is a detention hearing, it must be held "immediately upon the [defendant's] first appearance before the judicial officer" unless a

---

[2] The Court finds no support for the concept of a "de facto detention order," particularly where there is a de jure detention order in the record. (ECF No. 16). Accordingly, this Court rejects Defendant's invitation to review the November 26, 2019, Opinion and Order of the magistrate under § 3145.

continuance is requested. 18 U.S.C. § 3142(f); *United States v. Portes*, 786 F.2d 758, 767 (7th Cir. 1985). At the hearing, the judicial officer must decide whether the defendant can be released on his own recognizance or on an unsecured appearance bond (§ 3142(b)), released on conditions that will reasonably assure the defendant's appearance and protect the community (§ 3142(c)), temporarily detain the defendant to permit revocation of conditional release, deportation, or exclusion (§ 3142(d)), or order the defendant detained pending trial (§ 3142(e)). If the defendant is detained, the judicial officer must find by clear and convincing evidence that the facts demonstrate that no condition or combination of conditions will reasonably assure the safety of the community. § 3142(f).

The statutes provide two mechanisms for challenging a detention order. First, a hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing" on the detention issue. § 3142(f). Second, a defendant may file a motion for revocation or amendment of the order under 18 U.S.C. § 3145(b). No other means for challenging a detention order appear in the plain text of the statutes.

Defendant's assertion, that his Motion for Pretrial Release constituted an "appearance" under § 3142(a) requiring another detention determination, is not supported by any canon of statutory interpretation. First, the Court is required to give terms in a statute their "ordinary meaning at the time Congress enacted the statute." *New Prime, Inc. v. Oliveira*, 139 S.Ct. 532, 539 (2019). There is no "ordinary meaning" of the term "appearance" that includes a motion filed more than a year into a case. "Appearance" is generally understood to mean "the overt act by which one against whom suit has been commenced submits himself to the court's jurisdiction." APPEARANCE, Black's Law Dictionary (11th ed. 2019), quoting 4 Am. Jur. 2d *Appearance* § 1,

at 620 (1995). In criminal law specifically, a defendant's "appearance" is understood to refer to a defendant's initial appearance. Fed. R. Crim. P. 5(a)(1). The Court can find no support whatsoever for Defendant's assertion that his Motion for Pretrial Release was an "appearance" under § 3142(a), and Defendant cites none.

Defendant's attempt to demonstrate the correctness of his position by comparing the language of § 3142(a) to § 3142(f) (*see* ECF No. 98 at 5) runs afoul of another canon of statutory construction. As the headings of the statute indicate[3], subsection (a) speaks to the release and detention process "in general," while subsection (f) speaks specifically to the "detention hearing." This is important because, in looking at two statutes dealing with the same subject, "a specific statute takes precedence over a more general statute." *Bhd. of Maint. of Way Emps. v. CSX Transp., Inc.*, 478 F.3d 814, 817 (7th Cir. 2007). When reading § 3142, then, any inquiry into the detention hearing process must be directed to subsection (f), and its reference to "first appearance" would take precedence over the more general reference to an "appearance" in subsection (a).

But there's more! Courts must interpret statutes to avoid absurd results. *Senne v. Vill. of Palatine, Ill.*, 784 F.3d 444, 447 (7th Cir. 2015). Let's assume, for a moment, that Defendant is correct when he states that an "appearance" under § 3142(a) "includes a motion to the court." (ECF No. 98 at 5). This would mean that every time a defendant filed a motion, a judicial officer "shall," i.e. must, issue another order directing one of the outcomes under § 3142(b) through (f). This would include not only motions addressing detention, but also *any other motion*, including motions to continue, for extensions of time, etc. In this case alone, Defendant's interpretation would have required *seventeen* different detention determinations. No plain and ordinary reading of § 3142

---

[3] Although statutory titles and section headings cannot substitute for the operative text of the statute, they are nonetheless "tools available for the resolution of a doubt about the meaning of a statute." *Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008).

would result in a court issuing more than a dozen detention determinations simply because routine motions were filed in the case.

Defendant's interpretation of § 3142 is incorrect, unsupported, and contrary to any recognized method of statutory construction. If he wanted to challenge his detention order he had two avenues to do so. His refusal to elect one of those avenues does not compel the Court to create a new statutory method for challenging a detention order for Defendant alone. Because the Court has answered the only question before it in the negative, it need not go any further.[4]

For the foregoing reasons, Defendant's pro se Motion for Revocation of Detention (ECF No. 102) is DENIED.

SO ORDERED on January 31, 2020.

                                                 s/ *Holly A. Brady*
                                                 JUDGE HOLLY A. BRADY
                                                 UNITED STATES DISTRICT COURT

---

[4] Even if Defendant had requested a § 3145(b) review of the detention order, rather than embark on this quixotic quest to carve out a new challenge mechanism in § 3142, this Court's conclusion would not change. The Court has reviewed the record available to it and sees no reason to depart from the Order of Detention (ECF No. 16) in this case. Accordingly, the Findings of Fact and Statement of Reasons for Detention would have been adopted in their entirety. *United States v. King*, 849 F.2d 485, 491 (11th Cir. 1988) (holding that a district court is only required to enter its own written findings where it considers evidence not considered by the magistrate or it finds that the magistrate's conclusions are erroneous).