UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:18-CR-83-HAB |
| ) | |
| BRADLEY M. COX ) | |

**OPINION AND ORDER**

Defendant has asked this Court to reconsider its denial (ECF No. 131) of his second attempt to suppress his confession to using the internet to extort sexually explicit material from victims, some of them minors. Defendant asserts that this Court erred when it focused solely on promises of leniency in evaluating Defendant's claim that his confession was involuntary. Instead, Defendant asserts that this Court should have looked more broadly and found, as Defendant argues, that "promises are per se coercive." (ECF No. 132 at 3). While Defendant is correct in asserting that the Court limited its discussion to promises of leniency, having addressed the cases cited ***by Defendant***, he is incorrect that any rule of law holds promises by law enforcement to be *per se* coercive. Because he continues to err in holding this belief, Defendant's motion to suppress lacks merit and his motion to reconsider will be denied.

As noted above, the Court largely focused on promises of leniency in its April 9, 2020, Opinion and Order, relying on *United States v. Villalpando*, 588 F.3d 1124 (7th Cir. 2009), and *United States v. Montgomery*, 555 F.3d 623 (7th Cir. 2009). (ECF No. 128 at 3). This was not, as Defendant asserts, the result of a "belief" on the part of the Court that "only promises of leniency could render a confession involuntary." (ECF No. 132 at 7). Instead, the Court focused on these cases because they were the cases cited by Defendant. (ECF No. 124-1 at 4–6). The Court assumed, wrongly it turns out, that Defendant's legal position aligned with his legal authority.

But more than just out of an assumption of internal consistency, the Court focused on promises of leniency because Defendant's larger point, that promises by law enforcement are *per se* coercive, is patently incorrect. Multiple cases cited by Defendant make this clear. *See United States v. Walton*, 10 F.3d 1024, 1029 (3rd Cir. 1993); *Montgomery*, 555 F.3d at 630. The Court can only assume that Defendant is relying on outdated case law based on *Bram v. United States*, 168 U.S. 532 (1897). There, the Supreme Court of the United States, relying on a treatise, stated:

> But a confession, in order to be admissible, must be free and voluntary; that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. A confession can never be received in evidence where the prisoner has been influenced by any threat or promise; for the law cannot measure the force of the influence used, or decide upon its effect upon the mind of the prisoner, and therefore excludes the declaration if any degree of influence has been exerted.

*Id*. at 542–43. If this were still the law, it would support Defendant's position.

Unfortunately for Defendant, *Bram* is not the law. As stated by Judge Easterbrook, "*Bram* has not excluded a confession in decades; it is a derelict, offering false hope to suspects and vexing judges who must distinguish it on the way to decisions reached on other grounds. It is a source of pointless litigation, an irritant only a higher court may remove." *United States v. Long*, 852 F.2d 975, 980 (7th Cir. 1988) (Easterbrook, J. concurring). A higher court did remove the "irritant" of *Bram* in *Arizona v. Fulminante*, 499 U.S. 279 (1991), another case cited by Defendant, where the Supreme Court held that *Bram* "does not state the standard for determining the voluntariness of a confession." *Id*. at 285. Thus, Defendant's argument has been expressly rejected for the last thirty years, and implicitly rejected for many decades more. This Court, too, will reject it now.

Stepping away from his flawed premise, Defendant argues toward the end of his motion to reconsider that "[t]he question is whether or not the officers' coercive tactics (whatever they may be) were sufficient, in the circumstances, to induce the confession." (ECF No. 132 at 4). This

statement hews closer to the law but puts the cart before the horse. "Finding that the police engaged in coercive activity is a necessary predicate to finding that a suspect's confession was involuntary." *Montgomery*, 555 F.3d at 632. As this Court already found in its April 9, 2020, Order and Opinion, there is no basis to find any coercive action in the record before the Court. (ECF No. 128 at 4–5). With no coercive activity exhibited by the agents, and Defendant's assertion of *per se* coerciveness rejected, a finding that Defendant's confession was involuntary cannot follow.

Next, Defendant argues that the Court must consider "whether a promise made by government agents was kept," relying on *United States v. Rutledge*, 900 F.2d 1127 (7th Cir. 1990)[1]. (ECF No. 132 at 4). It is hard to see how *Rutledge* helps Defendant's case. There, the defendant was told by officers that "all cooperation is helpful." In his case this was false; the statements he made revealed that the scope of his drug activities was far larger than the Government had known, increasing his guideline sentence by nearly five years. *Id*. at 1128. Both the district court and the Seventh Circuit found the officer's statement to be false, yet both determined that the confession made by the defendant was voluntary. Those courts reached that determination because, contrary to the position advanced by Defendant, officers are permitted to mislead suspects to exact confessions.

> An alternative interpretation of the officer's statement, however, is that it promised Rutledge a net benefit from spilling the beans. If this was the promise, it is unlikely that the officer intended to keep it; and if he did not, then the statement was fraudulent. But it was the sort of minor fraud that the cases allow. Far from making the police a fiduciary of the suspect, the law permits the police to pressure and cajole, conceal material facts, and actively mislead—all up to limits not exceeded here.

---

[1] Defendant also relies on *United States v. Shears*, 762 F.2d 397 (4th Cir. 1985). Of course, *Shears* is not from the Seventh Circuit and is not binding on this Court. But more to the point, *Shears* analysis of voluntariness used the now-rejected *Bram* standard. *Shears*, 762 F.2d at 401. Therefore, *Shears* cannot inform this Court's decision.

*Id.* at 1130–31 (citing *United States v. Guerrero*, 847 F.2d 1363, 1366–67 (9th Cir. 1988)). If officers can mislead a suspect regarding the benefits of his cooperation, the Court finds no reason to believe that they cannot mislead a suspect about the circumstances of his arrest, as Defendant alleged the agents did here.

Finally, Defendant again addresses the need for an evidentiary hearing on his motion. Defendant asserts that "[t]he Court chose not to hold [a hearing] because it wouldn't have affected the outcome of the motion." (ECF No. 132 at 7). That is not what the Court's order said. The reason no hearing was held was because Defendant disclaimed the need for a hearing, (ECF No. 127; No. 126 at 3, 4, 5), a position Defendant continues to take now.[2] (ECF No. 132 at 7) ("I still believe an evidentiary hearing is unnecessary"; "holding [a hearing] would serve no purpose"). Defendant has identified no evidentiary disputes that would require a hearing to resolve, so no hearing will be held on his motion to suppress. *See United States v. Edgeworth*, 889 F.3d 350, 353 (7th Cir. 2018).

For the foregoing reasons, and for all the reasons stated in this Court's April 9, 2020, Opinion and Order, Defendant's request for reconsideration (ECF No. 132) is DENIED.

SO ORDERED on May 12, 2020.

                                                                          s/ Holly A. Brady
                                                                         JUDGE HOLLY A. BRADY
                                                                         UNITED STATES DISTRICT COURT

---

[2] Having lost his attempt at suppression Defendant now seems to advance a "heads I win, tails you lose" argument where a hearing is necessary before the Court can deny his motion. This is not the law, and Defendant cites to no case law supporting this position.