UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-83-HAB |
| | ) | |
| BRADLEY M. COX | ) | |

**OPINION AND ORDER**

The matter of Defendant Bradley M. Cox's detention is not a new one to this Court. The issue has resulted in multiple orders by two different magistrates, a seven-page Opinion and Order by this Court, and a summary ruling by the Seventh Circuit. All have concluded that Cox's pretrial detention is proper. Undeterred, Cox is back before this Court on his Motion for Revocation of Detention Order (ECF No. 136), asking this Court to review Magistrate Cherry's original detention order (ECF No. 16) under 18 U.S.C. § 3145(b). Because the Court finds no reason to depart from Magistrate Cherry's decision, Cox's instant motion will be denied.

**A.     Procedural History**

As this Court said in its last ruling on Cox's detention, "Defendant's Motion is a complicated web of interconnected and incorporated filings," stretching from his initial detention until today. (ECF No. 103 at 1). Defendant's detention hearing was held on September 12, 2018. Both Cox and the Government were represented by counsel, and Magistrate Cherry heard evidence and argument from both sides. Following the hearing, Magistrate Cherry entered his Order of Detention. (ECF No. 16). Magistrate Cherry determined that the presumption of detention existed due to the charge and that Cox had failed to rebut the presumption. (*Id.* at 2). Cox was further found to pose a flight risk and a risk to the community. (*Id.*). Magistrate Cherry determined that no condition, or combination of conditions, could assure the safety of the community or Cox's

appearance in the future, basing his determination on several factors including Cox's prior criminal history and his multiple probation violations. (*Id*. at 2–3).

On October 31, 2019, Cox filed his pro se Motion for Pretrial Release (ECF No. 84).[1] In the Motion for Pretrial Release, Cox requested that the Court grant him pretrial release "based on new evidence that did not exist at the time of the initial detention hearing which rebuts the presumption that he is a flight risk or a danger to society." (*Id*. at 1). Cox did not want a hearing on the motion since "all facts and evidence are either already on the record or will be provided forthwith." (*Id*.). In summary, Cox argued that because he had ended his criminal conduct before he was questioned by police, and because he did not flee following that questioning, he qualified for pretrial release under 18 U.S.C. § 3142(a)(2). Cox also argued that, despite having violated the terms of probation on an earlier state court case, he would not violate any terms of supervised release the Court would impose.

The Government filed its Objection to Defendant's Motion for Pretrial Release (ECF No. 85) on November 5, 2019. Relevant to this Opinion and Order, the Government argued that Cox's detention hearing could not be reopened under 18 U.S.C. § 3142(f)(2) because Cox had failed to identify any information that "was not known to the movant at the time of the hearing." (ECF No. 85 at 4; quoting 18 U.S.C. § 3142(f)(2) and citing *United States v. Watson*, 475 Fed. Appx. 598, 600 (6th Cir. 2012); *United States v. Esposito*, 354 F. Supp. 3d 354, 358–59 (S.D.N.Y. 2019)). Instead, the Government argued that Cox sought to "relitigate the issue of detention by presenting arguments based upon facts known to him at the time of his detention hearing." (ECF No. 85 at 5).

---

[1] This was the second time Cox filed the Motion for Pretrial Release, having initially filed it pro se while still represented by counsel. (ECF No. 74). This initial filing was stricken by the Court. (ECF No. 77).

Cox filed his pro se Response to Government's Objection (ECF No. 87) on November 13, 2019. Cox stated that he was not moving to reopen his detention hearing under § 3142(f)(2). Instead, he argued that his Motion for Pretrial Release was an "appearance" for the purposes of § 3142(a) and, therefore, the Court could make a detention determination without requiring a showing under § 3142(f)(2) of new information. Notably, Cox cited to no case law or other authority in support of his interpretation of the statute.

Magistrate Judge Susan Collins issued her Opinion and Order denying the Motion for Pretrial Release (ECF No. 94) on November 26, 2019. Magistrate Collins found Cox's "appearance" argument unpersuasive, stating:

> While § 3142(a) refers to a defendant's "appearance," this obviously refers to when the Court must make an order regarding detention. This point is bolstered by the further restriction on when the Government can move for detention, as was the case here, or when a court can raise the issue *sua sponte*. In other words, the section's reference to an "appearance" merely means that the judge must make an order regarding the release or detention of the defendant when the defendant initially "appears" or is physically present in the charging court, unless a party seeks a continuance.

(*Id*. at 5) (citations omitted). Magistrate Collins then proceeded to analyze the Motion for Pretrial Release under § 3142(f), ultimately concluding that Cox had "not shown that any of the information considered in his motion is new or was unknown at the time of his initial hearing or would be material to the issue of detention." (ECF No. 94 at 11). Cox was advised to file a motion pursuant to 18 U.S.C. § 3145(b) if he believed that the law was improperly applied at his original detention hearing. (ECF No. 94 at 12).

Rather than heed Magistrate Collins' advice, Cox filed a pro se Motion to Reconsider (ECF No. 98) on December 9, 2019. While the Motion to Reconsider ran some sixteen pages, the argument boiled down to a single assertion: "[t]he ordinary legal meaning of 'appearance' includes a motion to the court." (ECF No. 98 at 5). After making this assertion (without any support), Cox

3

argued that a plain reading of § 3142(a) "allows for a 'person charged with an offense' to make an 'appearance before a judicial officer,' not limited to a one-time appearance or a detention hearing, for the reconsideration of pretrial release." (ECF No. 98 at 11). Cox cited to no case law in support of his interpretation, instead repeatedly pointing the Court to general statutory construction cases. Magistrate Collins issued a one-page Order (ECF No. 101) on December 16, 2019, denying the Motion to Reconsider on the bases set forth in her November 26, 2019, Opinion and Order (ECF No. 94).

Cox then sought relief from this Court, filing what he described as a motion under § 3145(b) to review the Magistrate's November 26, 2019, Opinion and Order, which Defendant states was a "de facto detention order[2] which opens it up for review and appeal." (ECF No. 102 at 1). Incorporating his Motion to Reconsider in its entirety, Cox again argued that "a plain reading of 18 USC 3142 [sic] actually does allow the Court to grant pretrial release without reopening the detention hearing." (ECF No. 102 at 2).

This Court denied that motion on January 31, 2020. (ECF No. 103). The Court concluded that Cox's interpretation of 18 U.S.C. § 3142 was at odds with the plain language of the statute and any reasonable interpretation thereof. The Court also stated that, had it reached the merits of Cox's detention challenge, it saw "no reason to depart from the Order of Detention (ECF No. 16) in this case." (*Id*. at 7 n. 4). Cox appealed this Court's order on February 12, 2020, (ECF No. 104), and his appeal was denied on March 24, 2020. (ECF No. 118).

Having reached a dead end in his attempt to re-write the Bail Reform Act, Cox has now taken Magistrate Collins' advice and filed the instant motion under § 3145(b). Cox now argues

---

[2] The Court finds no support for the concept of a "de facto detention order," particularly where there is a de jure detention order in the record. (ECF No. 16). Accordingly, this Court rejects Defendant's invitation to review the November 26, 2019, Opinion and Order of the magistrate under § 3145.

4

that he successfully rebutted the presumption of detention and, having done so, the conditions of pretrial release he proposes will sufficiently assure his future appearance and the safety of the public. The Government disagrees, arguing that Magistrate Cherry properly considered the relevant factors in ordering Cox's detention. (*See*, *generally*, ECF No. 139).

**B.     Legal Discussion**

Title 18 U.S.C. § 3145(b) permits a defendant to file a motion seeking review or revocation of a detention order when the defendant has been "ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court [.]" Section 3145(b) does not require that new evidence or information be available before a detention order can be reconsidered and revoked, *id*., and "[t]he standard of review for the district court's review of a magistrate judge's detention . . . order . . . is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992); *see also United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985); *United States v. Sallay*, 2011 WL 1344288 at *4 (N.D. Ind. April 8, 2011); *United States v. Stephens*, 2007 WL 2164248 at *3 (N.D. Ind. July 25, 2007); *United States v. Boxley*, 2007 WL 79176 at * 1 (N.D. Ind. Jan.8, 2007); *United States v. McManus*, 2006 WL 3833314 at *1 (N.D. Ind. Dec.5, 2006).

Nonetheless, a district court may review a magistrate's detention order without holding a new hearing. *United States v. Bergner*, 800 F.Supp. 659 (N.D. Ind.1992) (citing *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987); *United States v. Phillips*, 732 F.Supp. 255, 259 (D. Mass. 1990)). "An evidentiary hearing is necessary only if the party requesting the hearing raises

5

a significant disputed factual issue." *United States v. Sophie*, 900 F.2d 1064, 1070 (7th Cir. 1990). Neither party has requested a hearing, and there are no significant factual disputes which the court would require a hearing to resolve. Accordingly, the court takes a fresh look at the issue of detention without holding a new hearing, but with reference to the evidence presented at the one held before the Magistrate Judge.

The Bail Reform Act ("BRA") limits the circumstances under which a district court may order pretrial detention. *See United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). "When a motion for pretrial detention is made, the court engages in a two-step analysis: first, the judicial officer determines whether one of ten conditions exists for considering a defendant for pretrial detention; second, after a hearing, the judicial officer determines whether the standard for pretrial detention is met." *United States v. Thomas*, 2011 WL 5386773 at *3 (S.D. Ind. Nov.7, 2011) (citing *Friedman*, 837 F.2d at 49). There is no doubt that one of the ten threshold conditions for considering pretrial detention is met in this case. Cox is alleged to have committed a crime with multiple minor victims, *see* 18 U.S.C. § 3142(f)(1)(E), and the government's proffer was sufficient to demonstrate those allegations by a preponderance of the evidence. *See Thomas*, 2011 WL 5386773 at *3 (citing *Friedman*, 837 F.2d at 49; *United States v. DeBeir*, 16 F.Supp.2d 592, 595 (D. Md. 1998); *United States v. Carter*, 996 F.Supp. 260, 265 (W.D.N.Y. 1998)). The dispute, then, is over whether the standard for pretrial detention is met.

"Pretrial detention is allowed only after the court holds a hearing and finds that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *Miller v. Hastings*, 87 Fed. Appx. 585, 586 (7th Cir. 2004) (citing 18 U.S.C. § 3142(e)). Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769

6

F.2d 243, 249 (5th Cir. 1985). The Government bears the burden of proving that the defendant is either a flight risk or a danger to the community. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the United States bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739 (1987). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431–33 (1979). With respect to reasonably assuring the appearance of the defendant, the United States bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985); *United States v. Liebowitz*, 652 F.Supp. 591, 596 (N.D. Ind. 1987).

Furthermore, in this case, Congress has placed a statutory finger on the scale, weighing against Cox. Pursuant to 18 U.S.C. § 3142(e)(3)(E), "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the [defendant] committed an offense involving a minor victim under section ... 2251[.]" "Probable cause is not proof beyond a reasonable doubt, or even proof by a preponderance of the evidence." *Braun v. Baldwin*, 346 F,3d 761, 766 (7th Cir. 2003). At the detention hearing before Magistrate Cherry, the government proffered sufficient evidence for this court to conclude that there is probable cause to believe the defendant committed the acts charged in the Indictment in violation of 18 U.S.C. § 2251(a). As such, the § 3142(e)(3)(E) presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community applies. Indeed, this point is undisputed.

In the early days after the BRA was enacted, some confusion existed as to what quantum of evidence the defendant had to present in order to "rebut" a § 3142(e) presumption. But that confusion has long since been cleared up. In both *United States v. Diaz*, 777 F.2d 1236 (7th Cir. 1985), and *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986), the Seventh Circuit embraced the interpretation first offered by Judge (now Justice) Breyer of the First Circuit in *United States v. Jessup*, 757 F.2d 378 (1st Cir.1985). As the Seventh Circuit explained:

> In *Jessup*, 757 F.2d at 381–84, the court correctly identifies the presumptions in § 3142(e) as being of the so-called "middle ground" variety; that is, they do not disappear when rebutted, like a "bursting bubble" presumption, nor do they actually shift the burden of persuasion to the defendant. They are "rebutted" when the defendant meets a "burden of production" by coming forward with some evidence that he will not flee or endanger the community if released. Once this burden of production is met, the presumption is "rebutted" in the sense that word was used in *Jessup*. Use of that word in this context is somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g). *Jessup*, 757 F.2d at 384. The burden of persuasion remains with the government once the burden of production is met. *Id*. at 381–82.

*Dominguez*, 783 F.2d at 707. In other words, where a defendant can produce some evidence which, if believed, would logically refute the assertion that he will flee or pose a danger to the community, he has defeated the "presumption" in favor of detention. At least, he has defeated it to the extent that it ceases to be dispositive and becomes just one more factor in the court's analysis. *See Diaz*, 777 F.2d at 1238 (explaining that even when it is rebutted, "[t]he presumption reflects a congressional judgment, to which we are obligated to give weight, that persons facing heavy sentences for particular types of offenses are likely to jump bail"). That said, "a defendant's desire to be released from incarceration and his or her promise not to flee the jurisdiction is woefully insufficient to rebut the presumption that persons facing very serious charges should remain detained until those charges are resolved." *Stephens*, 2007 WL 2164248 at *6. "If that were the

8

case, then pretrial detention would be virtually nonexistent, since every criminal defendant would present the court with an identical plea for release." *Id*.

Cox's attempts to rebut the presumption that no condition or combination of conditions will reasonably assure his appearance are, in some ways, strikingly similar to those the court found "woefully insufficient" in *Stephens*. In that case, the defendant argued that he had roots in the community, including seven biological children between the ages of 2 and 11, for whom he was primarily responsible. He offered to submit to any conditions the court might deem proper and argued that he had "no reason" to leave the jurisdiction. *Id*. at *3. In the case before the court, Cox has argued that he has familial connections to the area; that he will submit to any conditions of release (including internet monitoring); and that he had a good appearance record when on pretrial release during previous state court prosecutions. (ECF No. 113 at 4–8). But Cox also points out the fact that he didn't flee the jurisdiction prior to being indicted and that he had prior success on probation in Montgomery County. (*Id*. at 4–5).

In the end, the court need not decide whether Cox's arguments—which strike the court as at least marginally stronger than those made by the defendant in *Stephens*—are sufficient to rebut the presumption created by § 3142(e)(3)(E). Even if they are, thus relegating the presumption to its "rebutted" role as one factor among others, the court would still find by a preponderance of the evidence that Cox poses a flight risk. The personal qualities Cox is touting—consistent employment history, roots in the area, a history of making court dates—were exhibited before he was facing a mandatory minimum fifteen-year sentence of imprisonment. It is no surprise that Cox has no history of evading court dates or appearances; he has almost no experience with serious charges. But that is no guarantee of how he will behave under these new-to-him circumstances. Considering the statutory factors, the court observes that the crimes with which Cox is charged are

9

very serious ones, with lengthy prison sentences, and were allegedly committed against multiple minor victims. *See* 18 U.S.C. § 3142(g)(1). Furthermore, the case against Cox, while largely circumstantial, appears to be a strong one; Cox appears to have essentially admitted his guilt during his initial interaction with law enforcement. *See* § 3142(g)(2). All of this is colored by the fact that Congress has made a considered judgment that defendants faced with crimes like Cox's are more likely to jump bail than others. *See Diaz*, 777 F.2d at 1238. This court finds by a preponderance of the evidence that pretrial detention is necessary in this case to assure the appearance of Cox at future court proceedings. Since detention may be based on a showing of either dangerousness or risk of flight, *Fortna*, 769 F.2d at 249, this alone is reason enough to deny Cox's motion.

Even if that were not enough, the court would deny Cox's motion because he has completely failed to rebut the presumption that no condition or combination of conditions would ensure the safety of the community were he to be released. *See* § 3142(e)(3)(E). True, Cox does nominally argue that he is not a danger to the community. But the only proof he offers is that he is not accused of committing any crimes since the acts charged in the Indictment, which concluded in April 2018. (ECF No. 84 at 5). That is not enough. The government has charged Cox with six felony counts related to his alleged scheme of extorting sexually related materials from minors via the internet. The government has substantiated the charges to the level required at this stage of a criminal proceeding, and Congress has mandated (quite reasonably) that, provided that probable cause is demonstrated, those who victimize minors are presumed to pose a danger to the community. *See* § 3142(e)(3)(E). The court recognizes that Cox need only meet a burden of production, not persuasion, to rebut that presumption. But surely Cox's "Well, that's the only time the government alleges that I used the internet to extort nude pictures from minors!" argument is insufficient to rebut the presumption that he poses a danger to the community based on the nature

10

of his crime itself. If the court were to allow that sort of argument to carry the day, the presumption would be a toothless one, indeed.

**C.      Conclusion**

For the foregoing reasons, Cox's Motion for Revocation of Detention Order (ECF No. 136) is DENIED.

SO ORDERED on June 18, 2020.

                                           s/ *Holly A. Brady*
                                           JUDGE HOLLY A. BRADY
                                           UNITED STATES DISTRICT COURT