UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-83-HAB |
| | ) | |
| BRADLEY COX | ) | |

**OPINION AND ORDER**

This matter comes before the Court following further briefing on the Government's motions in limine (ECF No. 167). This Court previously entered preliminary orders on the Government's motions (ECF No. 170) but allowed the parties to further brief the first (preclusion of Federal Rule of Evidence 412 evidence) and ninth (separation of witnesses) motions. These matters have now been briefed (ECF Nos. 176, 182).

**A.      Separation of Witnesses**

The first issue before the Court is whether Defendant's expert should be excepted from the Court's order granting the Government's motion for separation of witnesses. Federal Rule of Evidence 615 states that, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." As the Advisory Committee Notes suggest, the rule is mandatory; a trial judge may not deny a request to exclude. *Sanford v. CBS, Inc.*, 594 F.Supp. 713, 717 (N.D. Ill. 1984).

The Rule excludes from its mandatory nature four categories of witnesses. Defendant alleges that his expert falls under the third, excluding from separation "a person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(c). In support of this position, Defendant states "due to the potential for all portions of the government's case to involve digital forensic questions it is necessary for our expert to be present at counsel's

table to aid in the case's management, specifically regarding potential cross-examination questions." (ECF No. 182 at 3). Defendant asserts that he cannot find Seventh Circuit authority on the issue and cites to two cases from outside the circuit excepting a party's expert from a separation of witnesses order. (*Id*. at 3–4).

As the Government's brief notes, the Seventh Circuit has weighed in on this issue. In *United States v. Olofson*, 563 F.3d 652 (7th Cir. 2009), that court reviewed a district court order excluding the defendant's firearm expert from the courtroom during the testimony of the government's expert. In doing so, the court addressed the arguments presented by Defendant here. The court rejected the argument that there is a per se exception for experts under Federal Rule of Evidence 703. While the court recognized that Rule 703 "contemplates that an expert may render an opinion based on the facts or data made known at trial," the court found that "Rule 703 is not an automatic exemption for expert witnesses from Rule 615 sequestration." *Id*. at 660 (citing *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1374 (5th Cir. 1981); *Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 630 (6th Cir. 1978)). Accordingly, "the mere mention of Rule 703 [is] insufficient to show that a Rule 615(3) exception was warranted." *Olofson*, 563 F.3d at 661.

With no per se exception applying, the court then addressed the defendant's basis for the exception. The court first noted that, as the party asserting the exception, the defendant "bore the burden of showing that the exception applied." *Id*. at 660. The court found that the defendant's proffered necessity, that his expert needed to be present to "rebut or add information" provided by the government's expert, was insufficient. *Id*. at 661. Any testimony provided by the government's expert had already been provided to defendant pre-trial, permitting defendant's expert to prepare for his testimony. In addition, the court found that defendant has "ample opportunity on direct

2

examination [of his expert] to rebut, add to, or opine on the implications of such information by asking him to assume its existence." *Id*. The court recognized that the presence of the defendant's expert may have been "helpful or desirable" but, nonetheless, held that the defendant failed to show that the expert was "*essential* to the presentation of his case." *Id*. (original emphasis).

This Court finds the logic in *Olofson* to be determinative here. The fact that Defendant's expert would be offered as an expert witness under Rule 703[1] does not require the application of Rule 615(c). Instead, the Court must evaluate whether Defendant has shown that the witness "of whatever stripe" is essential. *Olofson*, 563 F.3d at 660. While Defendant has postulated a different reason than the defendant in *Olofson* for the essential nature of his expert, he is no more successful in demonstrating that the exception applies.

First, Defendant has not yet determined the expert's role in the trial. Defendant notes only that his testimony "may be necessary" in response to the Government's expert, and that the "potential" for the Government's case to involve issues of digital forensics necessitates the expert's attendance. The Court cannot conclude that the expert is "essential" for the purposes of Rule 615(c) where Defendant himself has not yet determined what role the witness (or non-witness) will play. This is particularly true where, as the Court reads Defendant's submission, the expert may not even be helpful depending on the content of the Government's case.

The Court is also skeptical of the potential role Defendant sees for his expert. The primary role Defendant envisions is in suggesting cross-examination questions. The Court has reviewed the CV filed under seal and, while Defendant's expert is likely qualified to offer expert testimony on digital forensic topics, there is no suggestion in the expert's background that he has any training

---

[1] This assumes that Defendant can call an expert witness, given his apparent failure to apply with the disclosure requirements of Federal Rule of Criminal Procedure 16(b)(1)(C). The Court makes no ruling on this issue now but does note that the Government raised the issue of Defendant's non-compliance during the final pre-trial conference.

in the law, and particularly the Federal Rules of Evidence, that would qualify him to suggest relevant, admissible lines of questioning. Certainly, the expert could suggest general areas of inquiry, but the Court sees no reason why that suggestion cannot be made prior to trial.

This brings the Court to the final problem with Defendant's request. Just as in *Olofson*, Defendant either has received or will receive the necessary disclosures prior to trial. Both Defendant and his expert will, then, have ample opportunity to review the Government's evidence and develop a trial strategy. The expert's presence at trial might, as in *Olofson*, be helpful or desirable, but there is no reason to believe that he is essential to the presentation of the case.[2]

In short, Defendant's filing has done nothing to change the Court's analysis on the separation of witnesses issue. If the expert will testify, he is subject to sequestration. If, on the other hand, he is merely a consulting expert, then he is welcome to attend trial and sit at counsel table.[3] The decision is for the Defendant to make.

**B.     Rule 412 Evidence**

The second issue before the Court is the extent to which the victims in this case can be questioned about their sexual histories. With specific exceptions, evidence offered to prove that a victim engaged in other sexual behavior or evidence offered to prove a victim's sexual predisposition is not admissible in any proceeding. Fed. R. Evid. 412(a). The Government moved to prohibit any such evidence. Defendant now proffers two instances that he asserts should be excepted from the Rule 412 prohibition.

---

[2] Based on the filings to date, it is unclear that digital forensics will play a significant role in the defense. Rather, it appears that Defendant will argue that someone else committed the alleged crimes. (*See* ECF No. 182 at 1–2). Moreover, the argument will be based not on digital evidence but on the actions of the victims. (*Id*.). With no specific area of defense requiring the expert's input having been identified, the Court struggles to conclude how Rule 615(c) applies.
[3] The Government does not object to the expert sitting at counsel table. (ECF No. 176 at 2).

First, Defendant addresses the potential testimony of J.H. Defendant asserts that he wants to ask J.H. questions to "lay the groundwork for explaining why someone else . . . would have the motive to extort and attempt to exploit J.H." (ECF No. 182 at 1). However, Defendant asserts that the questioning "would not be seeking to prove the fact of sexual relations with others." (*Id.*). Defendant does not, however, favor the Court with the questions he seeks to ask, or the evidence he seeks to adduce. The lack of information in Defendant's filing makes it difficult, if not impossible, for the Court to evaluate the admissibility of the potential evidence related to J.H. under Rule 412.

Defendant's proposed questioning of A.R. presents fewer difficulties for the Court. With respect to A.R., Defendant seeks to ask questions to adduce "evidence she was sending others . . . explicit content." (*Id*. at 2). Defendant claims that "if evidence and further questioning proves that A.R. took any or all of the sent visual depictions at the request of someone [else] then this would both damage her credibility and create doubt as to whether the elements of the related exploitation charge are met." (*Id*.).

The Court finds two fatal problems with Defendant's position regarding A.R. The first is procedural. Rule 412 provides that, if a party intends to introduce otherwise inadmissible evidence under the Rule, he must file a motion "that specifically describes the evidence and states the purpose for which it is to be offered" at least 14 days before trial, and must notify the victim of his intent. Fed. R. Evid. 412(c)(1). Defendant has not demonstrated that he has complied with any of these requirements. Defendant does not describe the evidence he intends to adduce with any specificity, he made no indication of his intent to ask A.R. about other sexual acts prior to the deadline, and has not averred that he informed A.R. Accordingly, the Court concludes that

Defendant cannot present such evidence now. *United States v. Boyles*, 57 F.3d 535, 548 (7th Cir. 1995) (citing *Michigan v. Lucas*, 500 U.S. 145, 151 (1991)).

Procedural bars aside, the evidence Defendant seeks is not admissible for the purpose he advances. The Eighth Circuit addressed essentially the same issue in *United States v. Walker*, 917 F.3d 1004 (8th Cir. 2019). Just like Defendant, the defendant in *Walker* was charged with exploitation of a minor under 18 U.S.C. § 2251(a). He sought to introduce evidence that the victim could have made the explicit content "for another person or during another conversation of someone else." *Id.* at 1008. Just like Defendant, it was claimed that this evidence would undermine an element of the charge, namely that the defendant "used, persuaded, induced, or enticed" a minor to produce the images. *Id.* at 1009.

Both the district court and the Eighth Circuit rejected the defendant's argument. "The key inquiry . . . is whether the district court's exclusion of evidence . . . was arbitrary or disproportionate to the purposes that the exclusion was designed to serve." *Id.* (quoting *United States v. Pumpkin Seed*, 572 F.3d 552, 558 (8th Cir. 2009). The court of appeals concluded that, in the absence of "specific instances indicating that others had induced [the victim] to produce the images," the district court properly placed more weight on protecting the victim from "harassment and embarrassment concomitant with discussing the details" of his sexual history. *Walker*, 917 F.3d at 1009; accord *United States v. Ogden*, 685 F.3d 600, 604–05 (6th Cir. 2012).

The Court finds that the Eighth Circuit's rational applies here. Defendant offers no specific instances that would tend to show that A.R. produced the images at the inducement of anyone else. Rather, it appears that he intends on asking A.R. about her history generally of providing explicit photos and videos to other individuals. The Court finds that this kind of scattershot approach to a

6

victim's sexual history violates Rule 412 and will not permit Defendant to explore these issues before the jury.

As the Court noted previously, rulings in limine are preliminary in nature. This ruling is no different. Therefore, if Defendant intends on introducing or seeking to elicit any evidence that may touch upon matters governed by Rule 412, he must first seek permission from the Court outside of the presence of the jury. At that point, the Court can consider any such request within the context of the evidence presented at trial. Defendant's failure to comply with the notice provisions of Rule 412 will present an uphill battle for any such request.

**C.     Conclusion**

For the foregoing reasons, the Court ORDERS that its separation of witnesses order entered on October 27, 2020, will apply to Defendant's expert to the extent that expert will testify at trial. The Court GRANTS the Government's first motion in limine prohibiting the introduction of regarding, or questioning about, evidence governed by Rule 412.

SO ORDERED on November 10, 2020.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

7