UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:18-CR-83-HAB |
| ) | |
| BRADLEY COX ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Request for Ruling Regarding Potential Exhibits (ECF No. 193), filed on November 11, 2020. The Court held a hearing on Defendant's Request, as well as other pre-trial matters, on November 12, 2020. Although the Court found the matter moot at that hearing, after further consideration the Court now enters this Opinion and Order.

While the Request is not a model of clarity, the Court has been able to discern that Defendant is concerned about his access, or lack thereof, to the materials the Government plans to use in its case-in-chief. Specifically, Defendant wants access to the evidence made available to him for review in preparation for trial[1], including "restricted" evidence, which the Court understands to be digital records that contain instances of child pornography, at trial. Defendant asserts that he needs access to the restricted evidence to prepare his own exhibits and, generally, to use the evidence during his cross and direct examinations. At the very least, Defendant wants to bring a printer to the courtroom so that he can print specific portions of the restricted evidence for use as exhibits.

---

[1] Defendant filed a Motion for Temporary Release (ECF No. 168) on October 23, 2020, seeking release up to and through the pending trial. One of the bases for the motion was Defendant's limited availability to review evidence in the possession of the Government in preparation for trial. At the final pre-trial conference, the Court ordered the Government, Defendant's standby counsel, and the United States Marshall's Service to coordinate times to allow Defendant to review the evidentiary materials. Thereafter, the USMS transported Defendant to the courthouse on seven occasions, totaling a minimum of twenty-eight hours, to review the evidence.

The Government objects to Defendant having unfettered access to the restricted evidence during trial. Citing to 18 U.S.C. § 3509(m), the Government argues that it is prohibited from providing copies of the restricted evidence to Defendant. Instead, the Government proposes to have the restricted evidence available, in digital format, at its counsel table, permitting Defendant access to the evidence only during Defendant's cross and direct examinations.

Since the hearing, the Court has had the opportunity to more fully consider the language of 18 U.S.C. § 3509(m) as well as the sparse interpreting case law. The relevant statutory provision provides:

> **(m)   Prohibition on reproduction of child pornography.—**
>
> (1)   In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
>
> (2)   (A)   Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> (B)   For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m)(1), (2). The Government's argument is premised on (2)(A), specifically the language requiring a court to deny "any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography."

The Court understands the Government's position, but it must disagree. In interpreting a statute, a court must read the whole statutory text, considering the purpose and context of the statute. *Senne v. Vill. of Palatine, Ill.*, 695 F.3d 597, 601 (7th Cir. 2012). The Court cannot conclude, as the Government seems to suggest, that § 3509(m) acts as a bar to Defendant's access to child pornography for Defendant's use during trial. This reading is contrary to the plain language of the statute, which prohibits copying but requires that "the Government makes the property or material reasonably available to the defendant." 18 U.S.C. § 3509(m)(2)(A). Accordingly, the Court must proceed with the understanding that § 3509(m) contemplates a defendant having access to restricted child pornography evidence under the appropriate circumstances. *See United States v. Knellinger*, 471 F.Supp.2d 640, 644 (E.D. Va. 2007) (recognizing that "while [§ 3509(m)'s] restrictions are serious and significant, they have limited reach.").

There is no suggestion in this case that the Government has not made the restricted evidence "reasonably available to the defendant;" by all accounts Defendant has spent a significant amount of time reviewing the evidence over the last ten days. However, the Court sees a second limitation on the reach of § 3509(m), this one temporal.

In the Court's view, the plain language of § 3509(m) limits its reach to pre-trial discovery. The statute specifically references Fed. R. Crim. P. 16, the rule governing "discovery and inspection." 18 U.S.C. § 3509(m)(2)(A). Moreover, when it defines "reasonably available," the statute speaks to "ample opportunity for ***inspection, viewing, and examination***." 18 U.S.C. § 3509(m)(2)(B) (emphasis added). The restrictions make sense at this preliminary stage. What the statute seeks to prevent is the proliferation of child pornography via the discovery process. *See United States v. Johnson*, 456 F.Supp.2d 1016, 1018 (N.D. Iowa 2006) ("The manifest purpose of § 3509(m) is to prevent the unauthorized release and distribution of child pornography that law

3

enforcement officers and the government have gathered for use in a criminal trial."). It accomplishes this goal by trading production via discovery for examination at a government facility. *Id*. at 1019 (The requirement that "defendants, their attorneys and their experts be given 'ample opportunity for inspection, viewing, and examination' of the child pornography" assures the defendant of "every reasonable opportunity to prepare his or her defense."). In this way, it assures that child pornography evidence will "remain in the care, custody, and control of either the Government or the court." 18 U.S.C. § 3509(m)(1).

These same concerns are not implicated once the case goes to trial. Providing Defendant access to evidence during the trial day and kept in the courthouse overnight poses little risk of broader distribution. Rather, since the evidence will always remain within the courthouse, it will always be in the care, custody, and control of the Court. This is true whether the evidence is at the counsel table of the Government or Defendant.

The Court further finds that allowing Defendant access to the restricted evidence during trial comports with constitutional requirements of a fair trial. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). Here, Defendant represents that "significant portions [of the restricted evidence] will be relevant and necessary for the presentation of my defense." (ECF No. 193 at 1). "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations," including the essential right to call witnesses and introduce evidence. *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). Taking the Defendant at his word, the Court can conceive of no rationale that restricts Defendant's access to "relevant and necessary

information" to only those periods of time where he is presenting that information to the jury. The Court finds that such restrictions unnecessarily run the risk of impeding the defense to constitutional proportions.

To proceed as the Government suggests would not only impair Defendant's opportunity to present a complete defense but would also unnecessarily prolong the trial. Following each Government witness, the Court would be forced to take a recess while Defendant retrieved the necessary documents from the Government's computer, asked the Government that those documents be printed, and then prepared the documents for use as exhibits. This may be minutes for some witnesses, but potentially much longer for others. The Court is loath to waste the time of the Court, the parties, and the jurors in this way, particularly where the Court finds that this outcome is not mandated by the relevant statute. *See*, *e.g.*, *United States v. McNealy*, 625 F.3d 858, 868 (5th Cir. 2010) (suggesting that defendant had the ability, § 3509(m) notwithstanding, to "create[e] exhibits from the Government's exhibits to support defense expert testimony.").

Considering the foregoing, and considering the arguments of the parties, the Court ORDERS the Government to provide Defendant, on the first day of trial, the information made available to Defendant for pre-trial inspection. This may be by simply moving the computer hardware that Defendant has used for his review to the courtroom, producing a disc or discs containing all restricted evidence that has been made available for his review, or some other means. The Court SETS this matter for a further in-person hearing on November 13, 2020, at 1:30 p.m.

SO ORDERED on November 13, 2020.

                         s/ Holly A. Brady
                         JUDGE HOLLY A. BRADY
                         UNITED STATES DISTRICT COURT