UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | |
| v.  ) | Cause No. 1:18-CR-83-HAB |
| ) | |
| BRADLEY M. COX  ) | |

## ORDER

Now before the Court is Defendant's Motion for Production of Witness(es) Fed. R. Crim. P. 17(b) (ECF No. 219). Defendant asks the Court to issue two subpoenas on his behalf, to pay the costs and fees associated with the subpoenas, and to have the United States Marshal's Service serve the subpoenas.

Defendant relies on Federal Rule of Criminal Procedure 17(b), which provides:

> Upon a defendant's ex parte application[1], the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

Fed. R. Crim. P. 17(b). It is well settled that Rule 17(b) does not vest an absolute right to the issuance of such subpoenas and that the trial court is granted a wide latitude in order to prevent abuses. *United States v. Zuideveld*, 316 F.2d 873, 881 (7th Cir. 1963). A trial court's refusal to issue a subpoena under Rule 17(b) is clearly appropriate when the request is untimely, when the testimony sought is cumulative, when the defendant has failed to make a satisfactory showing as required by the Rule, or when the requested subpoena would in some other way constitute an oppressive and unreasonable use of the process of the court. *United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980) (citations omitted).

---

[1] Defendant did not make the motion *ex parte*.

Here, the Court finds that Defendant has failed to make the necessary showings under Rule 17(b). Defendant is indigent, but cost does not seem to be the impediment. Rather, the problem appears to be that Defendant has been unsuccessful in serving the identified witnesses. (ECF No. 219 at 3). Presumably, the cost for the prior attempts at service were paid by Defendant's standby counsel using CJA funds. The Court finds no reason to believe that Defendant is unable to secure the attendance of his witnesses due to monetary restrictions, nor does it find that he is entitled to use the United States Marshal's Service as his private process server simply because they are better at the task.

However, even if Defendant could establish an "inability to pay the witness's fees," the Court finds that he has not demonstrated the necessity of the witnesses for his defense. Defendant states only that the two witnesses "will testify to [their] interaction with the Rolp Lang Facebook Account." (*Id*.). Where a defendant makes "no particularized showing to the trial court as to the need" for the witness' testimony, a Rule 17(b) motion is properly denied. *United States v. Rogers*, 921 F.2d 1089, 1094 (10th Cir. 1990). Here, Defendant has told the Court nothing regarding the substance of the witnesses' testimony or how it is necessary for his defense. Moreover, the Court has no ability to determine whether these witnesses will provide unique testimony or will simply be cumulative. *United States v. Garza*, 664 F.2d 135, 141 (7th Cir. 1981). Defendant, then, has failed to show the necessity of the identified witnesses.

Finally, the Court finds that the motion is untimely. We are now less than five days before the start of trial.[2] Rule 17(b) motions made within a week of the scheduled beginning of trial have been found to be untimely. *United States v. Sprouse*, 472 F.2d 1167, 1168 (6th Cir. 1973).

---

[2] It should not be forgotten that this trial should already have concluded. Defendant was scheduled to go to trial on November 16, 2020, but that trial was continued the day before it was scheduled to commence due to the COVID-19 pandemic. (ECF No. 206).

2

Defendant provides no reason for the delay in filing the instant motion and, given the state of the Court's calendar, the Court is not inclined to risk further delay in this trial due to Defendant's procrastination. *See Crumpton v. United States*, 138 U.S. 361, 364 (1891) ("Whether the trial should be delayed for the production of these witnesses was clearly a matter of discretion.").

For the foregoing reasons, Defendant's Motion for Production of Witnesses (ECF No. 219) is DENIED.

SO ORDERED on December 3, 2020.

                                                  s/ *Holly A. Brady*
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT