**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-83-HAB |
| | ) | |
| BRADLEY M. COX | ) | |

**COURT'S FINAL JURY INSTRUCTIONS AND VERDICT FORMS**

The Court will read the following jury instructions numbered 1 through 43 to the Jury at the conclusion of all the evidence and after the closing arguments of parties' counsel on December 14, 2020. The Court will also provide the jury with Verdict Forms 1 through 12.

**INSTRUCTION NO. 1**

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you.  In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

## INSTRUCTION NO. 2

The charges against the defendant are in a document called a Superseding Indictment. You will have a copy of the Superseding Indictment during your deliberations.

The Superseding Indictment in this case charges that the defendant committed the following crimes: 3 counts of interstate transmission of threats with intent to extort on December 1 and 5, 2017, in violation of 18 U.S.C. § 875(d); 2 counts of attempted or actual employment, use, persuasion, inducement, enticement or coercion of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct on December 1, 2017 and February 20 through April 9, 2018, in violation of 18 U.S.C. §§ 2251(a) and (e); and knowing receipt of child pornography using a means or facility of interstate commerce on February 28, 2018, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). The defendant has pled not guilty to the charges.

The Superseding Indictment is simply the formal way of telling the defendant what crimes he is accused of committing.  It is not evidence that the defendant is guilty.  It does not even raise a suspicion of guilt.

3

### INSTRUCTION NO. 3

The defendant is presumed innocent of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

**INSTRUCTION NO. 4**

You must make your decision based only the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the parties agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence.  The statements and arguments of Ms. Miller Lowery and Mr. Cox are not evidence.  If what Ms. Miller Lowery or Mr. Cox said is different from the evidence as you remember it, the evidence is what counts.  The questions and objections of Ms. Miller Lowery and Mr. Cox likewise are not evidence.

The parties have a duty to object if they think a question is improper.  If I sustained objections to questions asked, you must not speculate on what the answers might have been.

 If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

**INSTRUCTION NO. 5**

Bradley M. Cox decided to represent himself in this trial and not to use the services of a lawyer. He has a constitutional right to do that. His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

## INSTRUCTION NO. 6

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

**INSTRUCTION NO. 7**

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact.  Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

## INSTRUCTION NO. 8

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of a larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

## INSTRUCTION NO. 9

A defendant has an absolute right not to testify. You may not consider in any way the fact that the defendant did not testify. You should not even discuss it in your deliberations.

## INSTRUCTION NO. 10

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

## INSTRUCTION NO. 11

It is appropriate for an attorney or an individual representing himself to interview any witness in preparation for trial.

**INSTRUCTION NO. 12**

You may consider evidence that a witness was convicted of a crime only in deciding the believability of their testimony. You may not consider it for any other purpose.

**INSTRUCTION NO. 13**

You have heard testimony that the defendant made statements to Special Agents Jason Stewart and Joseph Gass of the Federal Bureau of Investigation and Detective Lieutenant Matt Campbell of the Rochester Police Department. You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

**INSTRUCTION NO. 14**

You have heard testimony from FBI Computer Analyst Erin Gabor who gave opinions and testimony about computer analysis and Special Agent Jason Stewart who gave opinions and testimony about cyber investigation.  You do not have to accept these witnesses' opinions and testimony.  You should judge the witnesses' opinions and testimony the same way you judge the testimony of any other witnesses. In deciding how much weight to give to these opinions and testimony, you should consider the witnesses' qualifications, how they reached their opinions and conclusions, and the factors I have described for determining the believability of testimony.

## INSTRUCTION NO. 15

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

## INSTRUCTION NO. 16

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

## INSTRUCTION NO. 17

The Superseding Indictment charges that the crimes happened "on or about" a certain date. The government must prove that the crimes happened reasonably close to those dates. The government is not required to prove that the crimes happened on those exact dates.

**INSTRUCTION NO. 18**

Count 1 of the Superseding Indictment charges the defendant with transmitting threats in interstate commerce with intent to extort a thing of value from J.H. In order for you to find the defendant guilty of this charge, the government must prove the following elements to you beyond a reasonable doubt:

1.  The defendant knowingly transmitted a communication in interstate or foreign commerce; and

2.  The communication contained a true threat to injure the property or reputation of J.H.; and

3.  The defendant transmitted the communication to J.H. for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat; and

4.  The defendant did so with intent to extort money or other thing of value from J.H.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count 1. If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count 1.

### INSTRUCTION NO. 19

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, all the evidence, including what the defendant did or said.

## INSTRUCTION NO. 20

A "true threat" is a serious threat — not idle talk, a careless remark, or something said jokingly — that is made under circumstances that would place a reasonable person in fear of damage to their property or reputation. The communication must be one that a reasonable observer, considering the context and circumstances of the statement, including surrounding circumstances, would interpret it as a true threat.

The government does not have to prove that the defendant actually intended to carry out the threat, or even that the defendant had the capacity to do so. A threat does not need to be communicated directly to its intended victim, or specify a particular victim, or specify when it will be carried out.

## INSTRUCTION NO. 21

A "thing of value" is anything that has value to the Defendant, whether it is tangible or not.

## INSTRUCTION NO. 22

"Interstate or foreign commerce" involves business, trade, travel, transportation or communication between any place in a state and any place outside that state, or any two places within a state but through any place outside that state.

## INSTRUCTION NO. 23

Count 2 of the Superseding Indictment charges the defendant with attempted sexual exploitation of a child. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      At the time, J.H. was under the age of eighteen years; and

2.      The defendant, for the purpose of producing a visual depiction of such conduct, attempted to persuade or coerce J.H. to take part in sexually explicit conduct; and

3.      The defendant knew or had reason to know that such visual depiction would be transported or transmitted across state lines or in foreign commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count 2.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt then you should find the defendant not guilty of Count 2.

**INSTRUCTION NO. 24**

A person attempts to commit sexual exploitation of a child if he (1) knowingly takes a substantial step toward committing sexual exploitation of a child (2) with intent to commit sexual exploitation of a child. The substantial step must be an act that strongly corroborates that the defendant intended to carry out sexual exploitation of a child.

## INSTRUCTION NO. 25

For the purposes of Counts 2 and 5, "Sexually explicit conduct" includes actual or simulated –

1.      sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral anal, whether between persons of the same or opposite sex;

2.      masturbation; or

3.      lascivious exhibition of the anus, genitals, or pubic area of any person.

**INSTRUCTION NO. 26**

A "lascivious exhibition" is one that calls attention to the anus, genitals, or pubic area for the purpose of eliciting a sexual response in the viewer. A photograph is not lascivious simply because it contains nudity. Instead, the focus of the image must be on the genitals or the image must be otherwise sexually suggestive.

## INSTRUCTION NO. 27

The term "producing" includes producing, directing, manufacturing, issuing, publishing or advertising.

**INSTRUCTION NO. 28**

"Visual depiction" includes data stored on a computer disk or by electronic means which is capable of conversion into a visual image, and also includes any photograph, film, video, picture, digital image or picture, computer image or picture, or computer generated image or picture, whether made or produced by electronic, mechanical or other means.

**INSTRUCTION NO. 29**

Count 3 of the Superseding Indictment charges the defendant with transmitting threats in interstate commerce with intent to extort a thing of value from R.N. In order for you to find the defendant guilty of these charges, the government must prove the following elements to you beyond a reasonable doubt:

1. The defendant knowingly transmitted a communication in interstate commerce; and

2. The communication contained a true threat to injure the property or reputation of R.N.; and

3. The defendant transmitted the communication to R.N. for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat; and

4. The defendant did so with intent to extort money or other thing of value from R.N.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count 3.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count 3.

## INSTRUCTION NO. 30

Count 4 of the Superseding Indictment charges the defendant with transmitting threats in interstate commerce with intent to extort a thing of value from B.A. In order for you to find the defendant guilty of these charges, the government must prove the following elements to you beyond a reasonable doubt:

1.      The defendant knowingly transmitted a communication in interstate commerce; and

2.      The communication contained a true threat to injure the property or reputation of B.A.; and

3.      The defendant transmitted the communication to B.A. for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat; and

4.      The defendant did so with intent to extort money or other thing of value from B.A.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count 4.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count 4.

## INSTRUCTION NO. 31

Count 5 of the Superseding Indictment charges the defendant with actual or attempted sexual exploitation of a child. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      At the time, A.R. was under the age of eighteen years; and

2.      The defendant, for the purpose of producing a visual depiction of such conduct,

(a) attempted to or actually did persuade or coerce A.R. to take part in sexually explicit conduct; or

(b) had A.R. assist any other person to engage in sexually explicit conduct; and

3.      Either –

(a) The defendant knew or had reason to know that such visual depiction would be transported or transmitted across state lines or in foreign commerce; or

(b) The visual depiction was actually transported across state lines or foreign commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count 5.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt then you should find the defendant not guilty of Count 5.

INSTRUCTION NO. 32

Count 6 of the Superseding Indictment charges the defendant with receipt of child pornography. In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      The defendant knowingly received the material identified in the Superseding Indictment; and

2.      The material identified in the Superseding Indictment is child pornography; and

3.      The defendant knew both that the material depicted one or more minors and that the minors were engaged in sexually explicit conduct; and

4.      The material identified in the Superseding Indictment was transported using a means or facility of interstate or foreign commerce, including by computer.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count 6.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt then you should find the defendant not guilty of Count 6.

**INSTRUCTION NO. 33**

Transferring materials over the internet satisfies the interstate commerce requirement of the child pornography statute.

## INSTRUCTION NO. 34

Willingness of a minor to participate in sexual activity is not a defense. The victim's willingness to engage in sexual activity is irrelevant.

## INSTRUCTION NO. 35

"Child pornography" means a visual depiction of sexually explicit conduct, including any photograph, film video, picture or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, if:

1.  The production of the visual depiction involves the use of a minor engaged in sexually explicit conduct; and

2.  The visual depiction is a digital image, computer image or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct.

**INSTRUCTION NO. 36**

A "minor" means any person under the age of eighteen years.

## INSTRUCTION NO. 37

For the purposes of Count 6, "Sexually explicit conduct" means –

1.      graphic sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex

2.      bestiality;

3.      masturbation;

4.      sadistic or masochistic abuse; or

5.      graphic exhibition of the anus, genitals, or pubic area of any person.

**INSTRUCTION NO. 38**

A depiction of sexually explicit conduct is "graphic" if a viewer can observe any part of the genitals or pubic area of any depicted person during any part of the time that the sexually explicit conduct is being depicted.

**INSTRUCTION NO. 39**

These instructions are all in writing, and I will send them to the jury room for your use.

You will also be permitted to take the exhibits with you to use in your deliberations.

## INSTRUCTION NO. 40

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cellular telephone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the internet, chat rooms, blogs, or services like Facebook, LinkedIn, YouTube, Twitter or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the parties about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

## INSTRUCTION NO. 41

The verdict must represent the considered judgment of each juror.  Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

## INSTRUCTION NO. 42

In deciding your verdict, you should not consider the possible punishment for the defendant who is on trial.  If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

## INSTRUCTION NO. 43

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the appropriate verdict forms. The foreperson will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.