UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-83-HAB |
| | ) | |
| BRADLEY M. COX | ) | |

**OPINION AND ORDER**

On February 17, 2021, Defendant filed six pages of objections to the draft presentence investigation report. (ECF No. 259). The Government responded directly to the probation officer, which response was made part of the addendum to the final presentence investigation report. (ECF No. 273). The Court verbally ruled on Defendant's objections during a March 23, 2021, sentencing status conference. The Court now issues this written Opinion and Order to fully set forth factual and legal bases for its rulings.

**A.   Date of Arrest**

Defendant objected to the date of his arrest, listed in the draft presentence investigation report as September 7, 2018. Defendant is correct; he was arrested on September 6, 2018. The probation officer has corrected the arrest date in the final presentence investigation report. Accordingly, this objection is OVERRULED as moot.

**B.   Communications with Bryce Smith**

Defendant objected to the description of conduct in paragraph 8 of the draft presentence investigation report, specifically the statement that Defendant communicated with an individual named Bryce Smith via Defendant's own Facebook account. Once again, Defendant is correct; the communications with Smith came from the Quinton Sayger account. The probation officer has

corrected this reference in the final presentence investigation report. This objection is OVERRULED as moot.

## C. Reference to Prior Conviction

Defendant objected to the characterization of his 2014 conviction for battery. The draft and final presentence investigation reports detail the allegations underlying that conviction. In summary, Defendant was alleged to have inappropriately touched several underage subordinates. Defendant was not, however, convicted of sexual battery due to the wording of the relevant Indiana statute. According to Defendant, the sexual allegations should be excluded from the presentence investigation report because "[i]t is unfair to hold conduct [he] was accused over but not convicted of against [him]." (ECF No. 259 at 1).

The presentence report must contain information about the defendant's history and characteristics, including any prior criminal record and "any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment." Fed. R. Crim. Pro. 32(d)(2)(A). "[A] defendant has a due-process right to be sentenced only on the basis of reliable information." *United States v. Adams*, 879 F.3d 826, 829 (7th Cir. 2018). "[B]efore making [the sentencing] determination, a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker*, 404 U.S. 443, 446 (1972); *Ibid*. A sentencing court has broad discretion to consider information about defendant's prior criminal convictions and may rely on the probation officer's summary of police reports relating to the prior convictions even when they contain hearsay, so long as they are reliable. *United States v. Richardson*, 812 F.3d 604, 605-06 (7th Cir. 2016).

The burden is on a defendant to produce evidence which calls the facts in the presentence investigation report into question. *United States v. Mustread*, 42 F.3d 1097, 1101–02 (7th Cir. 1994). Here, Defendant cannot meet that burden by simply denying the truth of the information in the report. *United States v. Salinas*, 365 F.3d 582, 587 (7th Cir. 2004). However, that is all that Defendant has done in his objection. His denials are just that: denials. Defendant presents no factual basis for the Court to disbelieve the information in the presentence investigation report and has disclaimed any desire to have an evidentiary hearing on his objections. The information in the report, on the other hand, is based upon sworn statements by both the investigating officer and the victims. The Court finds those sworn statements to be reliable, and further finds that Defendant has failed to carry his burden to rebut the facts as set forth in the presentence investigation report. Therefore, Defendant's objection is OVERRULED.

**D.      Count 2s**

**1.      *U.S.S.G. § 2G2.1(b)(3)***

U.S.S.G. § 2G2.1(b)(3) provides for a two-level enhancement if "the defendant knowingly engaged in distribution" of sexually explicit material involving minors. The government "must prove the facts underlying the base offense or an enhancement by a preponderance of the evidence." *United States v. Johnson*, 227 F.3d 807, 813 (7th Cir. 2000). "A proposition proved by a preponderance of the evidence is one that has been shown to be more likely than not." *United States v. Foster*, 577 F.3d 813, 815 (7th Cir. 2009). Defendant argues that the Government has failed to prove that he was the individual that posted victim JH's photos online, leaving the enhancement inappropriate.

The Court finds no merit in Defendant's argument. The evidence presented at trial showed that Defendant had sexually explicit photos of JH and threatened to post them online if she did not

provide more. When JH refused to provide those photos, her sexually explicit photos were distributed to others via Facebook. Moreover, Defendant admitted to investigators that, if his victims stopped providing sexually explicit photos and/or videos, he would post those he already had online. The Court finds that this evidence demonstrates the applicability of the enhancement by a preponderance of the evidence. Therefore, Defendant's objection is OVERRULED.

**2.      *U.S.S.G. § 2G2.1(b)(6)(A)***

Defendant further objects to a two-level enhancement for "the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage sexually explicit conduct." U.S.S.G. § 2G2.1(b)(6)(A). Relying on Application Note 6(A), Defendant argues that the mere use of a fictitious screen name (in the case of JH, the screen name was "Jon Ron") is not enough to apply the enhancement. Rather, he asserts that the enhancement requires proof that the person using the fictitious identity "wanted JH to believe that was a real identity." (ECF No. 259 at 3).

Defendant misunderstands the intent required by the Application Note. The full text of the note provides:

> The misrepresentation to which the enhancement in subsection (b)(6)(A) may apply includes misrepresentation of a participant's name, age, occupation, gender, or status, as long as the misrepresentation was made with the intent to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material or for the purpose of transmitting such material live. Accordingly, use of a computer screen name, without such intent, would not be a sufficient basis for application of the enhancement.

U.S.S.G. § 2G2.1, cmt. 6(A). The "intent" discussed in the last sentence is the intent to persuade or induce a minor to produce explicit conduct. *United States v. Hinkley*, 803 F.3d 85, 93 (1st Cir. 2015) (applying enhancement where fictitious identity facilitated access to victims). Defendant

4

provides no authority for his position that the Government must prove that he had the intent for JH to believe that Jon Ron was a real person, and the Court can find none.

The Court finds that the enhancement has been shown to apply by a preponderance of the evidence. It is unlikely that the Facebook account of a mid-30s construction company IT employee would have much luck enticing high school girls to send its owner nude photographs. Realizing this, Defendant used fictitious identities that would have a greater chance of obtaining the material he wanted. This is all the enhancement requires.

Moreover, as the Government notes, there is a much simpler basis to apply the enhancement. U.S.S.G. § 2G2.1(b)(6)(B) mandates the application of the same enhancement if a "computer or interactive computer service" is used in the crime. Here, virtually all the efforts to obtain images of child pornography involved the use of digital services, including Facebook and Pinger. Defendant does not, and cannot, dispute this. Defendant's objection is OVERRULED.

**3.     *U.S.S.G. 2X1.1(b)(1)***

Defendant objects to the probation officer's failure to apply a three-level reduction under § 2X1.1(b)(1) for "an attempt." While Defendant offers no argument, or even reason, for the application of the reduction, the Court will assume that he is relying: (1) on the fact that Count 2s charges an attempt crime; and (2) he was not successful in obtaining photos from JH.

The Court concedes that this argument has more weight than many of Defendant's other objections but, nonetheless, finds the argument flawed. As the Government notes, Defendant did everything that he believed necessary to persuade or coerce JH into producing child pornography. He obtained nude photos of JH, contacted her asking for more, and threatened to release the photos he had if she did not comply. The only event that separated the substantive offense from an attempt was the refusal of JH to give in to Defendant's blackmail. Accordingly, the Court finds that

Defendant "completed all the acts [he] believed necessary for the successful completion of the substantive offense," leaving him ineligible for the reduction.

The commentary and case law support the Court's conclusion. In a portion of the commentary titled "Background," the Sentencing Commission states:

> In most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities *or the victim*. In such cases, no reduction of the offense level is warranted.

U.S.S.G. 2X1.1, cmt. Background (emphasis added). This is precisely what happened here. Defendant laid the groundwork for the substantive offense and was stopped only by the refusal of JH to provide the photographs. Under the commentary, Defendant does not get credit for JH's intercession.

The Seventh Circuit reached a similar conclusion in *United States v. Lucas*, 670 F.3d 784 (7th Cir. 2012). There, the Seventh Circuit reviewed a district court's calculation of the applicable guidelines on a charge of attempted kidnapping. The defendant argued that he was entitled to the attempt reduction because the would-be victim's mother successfully thwarted the kidnapping before it began. The Court rejected the argument, finding that the defendant's "logic mistakenly relies on his victim's responses, rather than on the defendant's own acts, which are the only thing the guidelines mention." *Id*. at 791. The court noted that the defendant had driven to the victim's home, pointed a gun at the victim's mother, and demanded the victim come to the door; everything he needed to do to achieve the kidnapping. The court found that this was "enough to disqualify him for the downward adjustment provided by § 2X1.1," the mother's intervention notwithstanding. *Id*.; *see also United States v. Emmett*, 321 F.3d 669 (7th Cir. 2003) (§ 2X1.1 did not apply to defendant who attempted to rob a bank but received no money due to teller's refusal).

Because Defendant's own acts were complete, he cannot rely on the acts of JH to obtain the reduction under § 2X1.1. Accordingly, Defendant's objection is OVERRULED.

**E.    Count 5s**

Like his objection to Count 2s, Defendant objects to the enhancement under U.S.S.G. § 2G2.1(b)(3) because, he claims, there is no evidence that he posted photos of AR on the internet. Again, the evidence does not support the objection. The evidence at trial demonstrated that Defendant used the Quinton Sayger Facebook account to obtain nude photos and videos of AR. The evidence further showed that those photos appeared on a Mega cloud storage drive that Defendant controlled, and to which he gave access to Shianna Waller. This is enough evidence to demonstrate, by a preponderance of the evidence, that the enhancement applies.

Defendant additionally argues that, if § 2G2.1(b)(3) applies to Count 2s, applying it to Count 5s constitutes "double counting." (ECF No. 259 at 2). Defendant is incorrect. Even if double counting were impermissible (it's not), the application of § 2G2.1(b)(3) to Counts 2s and 5s is not double counting. "In the context of guidelines sentencing, the term 'double counting' refers to using the same conduct more than once to increase a defendant's guideline sentencing range." *United States v. Vizcarra*, 668 F.3d 516, 519 (7th Cir. 2012). The same conduct does not form the basis for the enhancements here. The Counts involve different victims and different modes of distribution. There is no merit to Defendant's objection, and it is OVERRULED.

**F.    Count 6s**

**1.    *U.S.S.G. § 2G2.2(c)(1)***

This guideline section provides:

> If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, apply § 2G2.1 (Sexually

>Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material; Custodian Permitting Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production), if the resulting offense level is greater than that determined above.

U.S.S.G. 2G2.2(c)(1). Defendant objects to the application of § 2G2.1 under this subsection, arguing that it constitutes double counting.

Defendant's argument is hard to understand, but the Court has little trouble concluding that it lacks merit. Even if the application of § 2G2.1 to Count 6s would constitute double counting, the practice is "generally permissible unless the text of the guidelines expressly forbids it." *Vizcarra*, 668 F.3d at 519. Nothing in the language of § 2G2.2(c)(1) expressly forbids double counting. Instead, the subsection is to be "construed broadly and includes all instances" of qualifying conduct. U.S.S.G. § 2G2.2, cmt. 7. The cross-reference to § 2G2.1 is plainly appropriate, and Defendant's objection is OVERRULED.

2. *U.S.S.G. § 2G2.2(b)(3)(D)*

Defendant objects to the application of this subsection, which imposes a six-level increase if child pornography was distributed to a minor, arguing that there was no evidence he sent child pornography to AR. The Government agrees, and the probation officer has removed the enhancement from the final presentence investigation report. Therefore, Defendant's objection is OVERRULED as moot.

3. *U.S.S.G. § 2G2.2(b)(5)*

This subsection imposes a five-level enhancement if "the defendant engaged in a pattern of activity involving sexual abuse or exploitation of a minor." Defendant objects to its application, arguing that his prior conviction for battery cannot form the basis for the finding of a pattern of activity.

Defendant misunderstands the basis for the enhancement. The necessary pattern of activity can occur "during the course of the offense." U.S.S.G. § 2G2.2, cmt. 1. Here, the evidence demonstrated a clear pattern of behavior by Defendant that constituted "two or more separate instances of sexual abuse or exploitation." *Id*. Defendant exploited multiple victims over an extended period. The evidence demonstrated a pattern of activity by a preponderance of the evidence, and Defendant's objection is OVERRULED.

4. *U.S.S.G. § 2X1.1(b)*

Just as he did with Count 2s, Defendant asserted at the March 23, 2021, status conference that he was entitled to a three-level reduction under U.S.S.G. § 2X1.1 with respect to Count 6s. This objection is wholly without merit. Count 6s charged Defendant with receiving child pornography. The evidence at trial demonstrated that he successfully obtained nude photographs and videos from AR, a minor. There was no "attempt," there was a completed offense. Defendant's objection is OVERRULED.

G. **Grouping of Counts 5s and 6s**

Finally, Defendant asserts that Counts 5s and 6s should be grouped under U.S.S.G. § 3D1.2(b) or (c). Defendant does not explain why he believes either subsection is appropriate. Regardless, the Court finds no basis for grouping the identified counts.

Subsection (c) provides that counts should be grouped when "one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." It is true that the guideline for Count 6s used a cross-reference to the guideline for Count 5s, but this is not a basis for grouping under subsection (c). U.S.S.G. § 3D1.2, cmt. 5. With Defendant providing no other basis for grouping under subsection (c), the Court finds that grouping would be inappropriate.

The analysis is no more favorable to Defendant under subsection (b). That subsection provides for grouping where "counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." To group under subsection (b), the Court must find that the counts "represent essentially one composite harm to the same victim." U.S.S.G. § 3D1.2, cmt. 4. As the Government notes, courts have found that conduct like Defendant's did not constitute one composite harm to the victims. *See United States v. Von Loh*, 417 F.3d 710 (7th Cir. 2005); *United States v. Bivens*, 811 F.3d 840 (6th Cir. 2016); *United States v. Wise*, 447 F.3d 440 (5th Cir. 2006).

So it is here. The evidence demonstrated numerous instances during the charged period where Defendant coerced AR to produce child pornography. Each photograph or video caused AR to engage in a separate act of sexually explicit conduct, causing a separate harm with each occasion of production. *Wise*, 447 F.3d at 446. This is not a case of one composite harm but, instead, many. Therefore, Defendant's objection is OVERRULED.

SO ORDERED on March 29, 2021.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT