UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:18-CR-83-HAB |
| ) | |
| BRADLEY M. COX ) | |

**OPINION AND ORDER**

Now before the Court are two motions filed by the Government: a motion to seal certain trial exhibits (ECF No. 298) and a motion to seal that motion (ECF No. 297). Both motions will be denied.

The trial in this case concluded in December 2020. The exhibits that are the subject of the motion to seal were all introduced by the Government. The exhibits are:

- the Facebook record for Quinton Sayger (Ex. 2);

- the § 2703(d) record for the Quinton Sayger Facebook account (Ex. 3);

- the § 2703(d) record for the Rolp Lang Facebook account (Ex. 5);

- the § 2703(d) record for the Adelyn Rose Facebook account (Ex. 7);

- the § 2703(d) record for the Bradley Cox Facebook account (Ex. 8);

- a Facebook record containing BA messages with Quinton Sayger (Ex. 16);

- a Facebook record containing a conversation between RN and Quinton Sayger (Ex. 29);

- a record containing names and phone numbers, found on Defendant's desktop computer (Ex. 37); and

- a record containing usernames and passwords of victims and other individuals, also found on Defendant's desktop computer (Ex. 38).

At the time the exhibits were introduced, there was no request by the Government to seal. These exhibits have remained unsealed for the last nineteen months. The case is now on appeal.

The Government now moves, pursuant to Rule 49.1 of the Federal Rules of Criminal Procedure, to seal the exhibits because of "the victim information contained in the exhibits." (ECF No. 298 at 1). In turn, the Government moves to seal the motion to seal "due to the victim information contained in the exhibits." (ECF No. 297 at 1). There are no exhibits to the motion to seal.

The Court first questions whether it even has jurisdiction to hear the Government's request. District courts lose jurisdiction over most motions after the filing of a notice of appeal. *United States v. Hocking*, 841 F.2d 735, 736 (7th Cir. 1988). Stated another way, once a notice of appeal is filed, "the district court's power to proceed further is suspended." *United States v. Veteto*, 945 F.2d 163, 165 (7th Cir. 1991). While this rule is not absolute, the Court can find no authority allowing it to seal trial exhibits once the result of that trial is on appeal, and the Government provides no such authority. Rather, it appears that the standard practice is to remand a case to the district court when the issue of sealing arises. *See*, *e.g.*, *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *In re Associated Press*, 162 F.3d 503 (7th Cir. 1998). The Court is reluctant to issue an order that may be beyond its jurisdiction.

Even if the Court has jurisdiction to seal the exhibits, the Court sees no reason to do so. Contrary to the Government's suggestion, Rule 49.1 does not require the Court to do anything. Rather, the rule requires a party, in this case the Government, to assure that certain information is redacted. Fed. R. Crim. P. 49.1(a). The comments to the rule make this point clear: "the clerk is not required to review documents filed with the court for compliance with this rule. The responsibility to redact filings rests with counsel and the party or nonparty making the filing." *Id.*,

advisory committee notes, 2007 adoption. If the exhibits contain redactable victim information, they do so only because the Government failed to redact the information.

And it must be remembered that each of the exhibits has already been introduced in open court as part of a public trial. The exhibits have remained unsealed for more than a year and a half. The Government does not explain why sealing is required now when it was not required at trial or any other time thereafter.

This is to say nothing of the practical impossibility of the Government's request. Exhibits introduced at trial are maintained in the clerk's office for a set period. Sealed exhibits are stored separately in a vault. The distinction between sealed and unsealed exhibits, then, is one of location.

The exhibits identified in the motion to seal, along with nearly forty other exhibits, were introduced by the Government on a single flash drive. That is how the exhibits are currently being stored. The Court cannot store part of a flash drive separately from the rest of the same drive. It cannot cut the drive into pieces, storing only those pieces containing offending information in the sealed vault. In short, there is no way for the Court to physically grant the relief requested.

For these reasons, both the motion to seal (ECF No. 298) and the motion to seal that motion (ECF No. 297) are DENIED.

SO ORDERED on June 16, 2022.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT