UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:18-CR-83-HAB |
| ) | |
| BRADLEY M. COX ) | |

**OPINION AND ORDER**

Defendant, convicted by a jury of extorting nude images from minors, thinks federal prison is a real drag. He dislikes it so much that he has moved this Court for compassionate release. (ECF No. 342). But Defendant's motion doesn't even reach the level of plausible validity, so it will be denied without further proceedings. *See United States v. Alexander*, No. 23-3395, 2024 WL 2763814, at *2 (7th Cir. May 30, 2024) ("we have never suggested that full briefing is required" on motions for compassionate release).

**I.      Offense Conduct**

Defendant was charged in a six-count superseding indictment with three counts of Interstate Communications of Threat to Damage Reputation, two counts of Sexual Exploitation of a Minor, and one count of Receipt of Child Pornography. A five-day jury trial was conducted, during which Defendant represented himself. Evidence presented at the trial showed, generally, that Defendant used several Facebook accounts to extort nude images and videos from minor girls. Defendant was tied to the scheme both through eyewitness testimony, forensic computer and cell phone analysis, and his own statements to investigators. The jury convicted him on all counts.

This Court sentenced Defendant to 420 months' imprisonment and 20 years' supervised release. Both Defendant's conviction and sentence were affirmed on appeal, and a petition for rehearing was denied.

II.   **Legal Analysis**

A.   *Compassionate Release Standard*

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted[1] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

This analysis proceeds in two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). At the first step, Defendant must identify an extraordinary and compelling reason warranting a sentence reduction. *Id*. If Defendant establishes such a reason, the Court, in the discretion conferred by the statute, considers any applicable § 3553(a) factors as part of determining what, if any, reduction to award. *Id*.

The policy statements to the Sentencing Guidelines offer some examples of when extraordinary and compelling reasons may be present: (1) medical circumstances of the defendant, such as terminal illness, advanced dementia, or other debilitating conditions, or an outbreak of an

---

[1] The Court assumes, without finding, that Defendant exhausted his administrative remedies.

2

infectious disease at the prison where the defendant is housed and the defendant is at an increased risk of suffering severe medical complications or death as a result; (2) advanced age of the defendant when he has served a significant period of his sentence; (3) family circumstances of the defendant, such as the death or incapacitation of the caregiver of the defendant's minor children, incapacitation of the defendant's spouse or parent, when the defendant would be the only available caregiver; (4) or the defendant was a victim of sexual or physical abuse while in custody. U.S.S.G. § 1B1.13(b)(1)-(4).

The examples also include "other reasons," that is, where "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons" just listed, are similar in gravity to those circumstances. § 1B1.13(b)(5).

**B.    *Defendant's Motion Seeks Relief the Court Cannot Order***

The Court starts its analysis by noting that, even if it found Defendant's motion meritorious, it could not order the relief requested. Defendant asks that this Court modify his "sentence of imprisonment to home confinement." (ECF No. 342 at 14). The Court can't do that. *United States v. Thomas*, 857 Fed. App'x. 239, 243 (7th Cir. 2021) (a district court "lacks authority" to change a sentence of imprisonment to home confinement on a motion for compassionate release because "that decision rests exclusively with the BOP"). So even if the Court were otherwise convinced by Defendant's arguments, and it is not, Defendant's motion is a non-starter.

**C.    *Defendant Cannot Challenge his Conviction Through a Motion for Compassionate Release***

Defendant's "primary extraordinary and compelling circumstance" is his claim that he "did not commit the crimes [he] was charged with and convicted of." (ECF No. 342 at 4). Of course, his claim of innocence has been rejected by the jury, this Court, the Seventh Circuit, and the United

3

States Supreme Court. But lack of merit aside, Defendant cannot raise innocence as a basis for compassionate release.

"[T]he compassionate release statute [may] not be used as a path to a sentence reduction based on a position available to defendants during plea negotiations or trial, direct appeal, or in a post-conviction motion under 28 U.S.C. § 2255[2] challenging a sentence." *United States v. Brock*, 39 F.4th 462, 464 (7th Cir. 2022). "Likewise, claims of 'actual innocence' are not 'extraordinary and compelling' and should be made under some other statutory authority better suited to resolving them." *United States v. Staszak*, Case No. 12-cr-40064-JPG, 2023 WL 7003507, at *1 (S.D. Ill. Oct. 24, 2023). Because Defendant's claims of innocence are better resolved via petition under § 2255, they cannot be extraordinary or compelling reasons for compassionate release.

**D.**    ***Defendant's Parents' Health is not an Extraordinary or Compelling Circumstance***

Defendant next turns to the condition of his parents. To be sure, both are far models of mental or physical health. Both in their sixties, Defendant's parents have a laundry list of medical conditions, including diabetes, hypertension, and hyperlipidemia. Defendant reports that his father is essentially blind and deaf, with his mother acting as a full-time caregiver. Given his mother's own list of health conditions, this role is difficult, to say the least.

But while the Court has sympathy for Defendant's parents, their conditions do not meet the statutory requirements for being extraordinary or compelling circumstances. Under U.S.S.G. § 1B1.13(b)(3)(C), family circumstances can constitute extraordinary and compelling circumstances in the event of "the incapacitation of the defendant's parent when the defendant would be the only available caregiver." Assuming, without finding, that Defendant's father meets the definition of

---

[2] Arguably, Defendant's motion "fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255," and the Court would be well-within its discretion to treat the motion as Defendant's one and only authorized habeas petition. *See United States v. Arojojoye*, 806 Fed. App'x. 475, 478 (7th Cir. 2020).

4

incapacitation, Defendant's mother is filling the role of caregiver. It may be with some, or even great, difficulty, but she's doing the job. So Defendant cannot rely on his parents' medical conditions as an escape from prison. *See United States v. Chavez*, Case No. 08-cr-746-5, 2024 WL 2209592, at *3 (N.D. Ill. May 16, 2024) (compassionate release denied when the defendant's elderly mother was not "wholly unable to administer care" to his elderly father).

The unfortunate fact of dealing with adult offenders is that many, if not most, will have elderly parents. Indeed, Defendant's parents were not young when he committed his crimes. Nor, the Court assumes from the nature of their conditions, were they in perfect health. But neither his parents' health nor age deterred Defendant from committing crimes against children. If concerns for his parents did not give him pause when extorting child pornography from his victims, the Court sees no reason why those same concerns should throw open the doors of his jail cell.

E.   ***Defendant's Children are not Extraordinary or Compelling Circumstances***

Defendant also argues that his children constitute family circumstances supporting compassionate release. He states that he has been "wrongfully separated" from them, points to studies showing diminished outcomes for children from fatherless households, and expresses concerns that the children's mother has cut off contact between the children and their grandparents.

But all these arguments are undone by Defendant's concession that his children "all have caretakers." (ECF No. 342 at 7). The guidelines only permit compassionate release on account of one's children in the event of the "death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A). That set of circumstances does not exist here.

Again, the unfortunate fact of dealing with adult offenders is that many, if not most, have children. But the nature and probable consequence of committing a half-dozen federal crimes is

5

separation from those children. Defendant is suffering that consequence now, and it is not a basis for release.

### F. *Defendant's Health is not an Extraordinary or Compelling Circumstance*

In a first for this Court, it appears that prison has been great for Defendant physically. He reports that he has lost 50 pounds by "educating [himself] about nutrition and wellness and practicing self-discipline." (ECF No. 342 at 7). He's working out and eating right. In fact, "for the most part [he is] in good health." (*Id.*).

So, one may ask, why would his health support compassionate release? Well, Defendant's vision isn't great, and he hasn't received new glasses in nine years (no word on if he's tried). He has some loose teeth. And he suffers from a dormant pilonidal cyst[3]. No medical records supporting any of this, mind you; just take Defendant's word for it.

Defendant's biggest concern is his mental health. It seems people just aren't nice in prison. He states that he must deal "with other inmates discussing crimes they are going to commit as soon as they are released, justifying and even glorifying crimes they have committed, making sexual, vulgar, and derogatory comments about staff, hitting on [him] or flaunting their homosexual activities, or calling [him] 'chomo' (even though [he's] not one) and discriminating" against him. (*Id.* at 8). All this causes "serious mental distress."

Even accepting everything Defendant says as true, his concerns don't come close to establishing extraordinary or compelling circumstances. Defendant's health can qualify him for compassionate release only if he meets the requirements of U.S.S.G § 1B1.13(b)(1). That subsection lays out several qualifying conditions, including a terminal illness, a condition that

---

[3] A pilonidal cyst is "is an unusual pocket in the skin that usually contains hair and skin debris. The cyst is almost always near the tailbone at the top of the buttocks." https://www.mayoclinic.org/diseases-conditions/pilonidal-cyst/symptoms-causes/syc-20376329

6

"substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover," and a condition that requires "long-term or specialized health care." *Id*. None of Defendant's undocumented medical concerns bear even a passing resemblance to this list. Nor do the effects of his unpleasant cohabitants.

G.    *Defendant's Remaining Grounds are not Extraordinary or Compelling Circumstances*

The Court lumps Defendant's remaining grounds together as they are patently frivolous. Defendant argues that he can't make as much money in prison and that he can't pursue his "ideas for unique businesses and not-for-profit organizations." He also notes that it is more difficult for him to prepare his habeas petition and clemency requests from jail. The Court has no doubt that these arguments are true. Defendant is in federal prison, after all. But these things are true of all prisoners, federal, state, and local, and are not bases for release.

Defendant also notes his "positive growth and rehabilitation," despite continuously denying his guilt. But even after the recent amendments to the compassionate release standards, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for release. U.S.S.G. § 1B1.13(d).

What this grab bag of nonsense lays bare is that Defendant just doesn't get it. Defendant is not in jail for a parking ticket. He committed sex crimes against children. That he is locked away from society, and suffering the inconveniences that go along with incarceration, is a feature, not a bug. Defendant has greatly earned his sentence, and his miscellaneous complaints about the fact of his imprisonment are not extraordinary or compelling reasons for release.

**H.**     *Defendant's Grounds, Considered Together, are not Extraordinary or Compelling*

As discussed above, none of Defendant's circumstances are extraordinary or compelling on their own. The Court has considered the reasons together and finds them no more worthy of compassionate release. *United States v. Newton*, 996 F.3d 485, 489 (7th Cir. 2021) (finding that proposed extraordinary and compelling reasons must be considered cumulatively). Unlike comorbidities, Defendant's proposed reasons do not interact in a synergistic fashion where the whole is greater than the sum of its parts. Instead, the reasons are separate, with none particularly close to meeting the statutory requirements. The Court finds no extraordinary or compelling circumstances supporting release so Defendant's motion must be denied.[4]

**III.    Conclusion**

For these reasons, Defendant's motion for compassionate release (ECF No. 342) is DENIED.

SO ORDERED on June 17, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[4] Finding no extraordinary or compelling reasons for release, the Court need not consider the § 3553(a) factors. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).